The testator died and his sister Margaret was put into possession of the property, and by her last will and testament devised and bequeathed all her property to the complainants, Stephen and Dallas Haywood, the former of whom, after the death of the testatrix, had the will proved, and was duly appointed administrator with the will annexed. Prince and Hannah were emancipated by the county court during the lifetime of Margaret Craven. Grizzy died a slave.
The bill prays that the defendants may be decreed trustees for the benefit of the complainants, and compelled to deliver unto them the land and slaves, and account for the profits.
To this bill the executors demurred.
As those members of the Court, who alone can (367) decide in this case have no doubt on the subject, and both parties seem anxious to avoid further delay, we see no reason to postpone the judgment; although it would have been more consonant to the respect with which we have listened to the able arguments on the part of the defendant to have stated particularly wherein they have seemed to us inconclusive, and failed to produce conviction in our minds. But this could only be done by the delay of a term, as we have ascertained the general principles on which we do agree a few minutes only before coming into court, and as this is the last day of the term, we must give the opinion in general terms or not at all.
We are of opinion that the trust attempted to be created by the will of Mr. Craven is void in law, not only as contrary to its general policy, but as repugnant to positive provisions by statute; for the law has pointed out one method only in which slaves can be liberated (act of 1741, ch. 24), and the principle on which it is permitted can by no *Page 282 
construction be applied to the case before us. The same act directs the slaves to be sold if the owner sets them free in any other manner. With respect to the cases decided upon 43 Eliz., it is believed that not one can be found in which a court of equity has executed a charitable purpose unless the will so described it that the law will acknowledge it to be such. The disposition must be to such purposes as are enumerated in the statute, or to others bearing an analogy to them, and such as a court of chancery in the ordinary exercise of its power has been in the habit of enforcing. But wherever the intention is to create a trust which cannot be disposed of to charitable purposes, and is too indefinite to be disposed of to any other purposes, the property remains undisposed of, and reverts to the heir at law or next of kin, according to its nature. This is the construction of courts of equity, even upon charitable dispositions. 10 Vesey, Jr., 552. But for the reasons already stated, we do not perceive any resemblance between them and this case. It must, therefore, be governed by the general rule, and as the trustees have no interest, they must be considered as holding the property for the (368) benefit of those on whom the law casts the legal estate.
Demurrer overruled.
NOTE. — See Huckaby v. Jones, 9 N.C. 120; Turner v. Whitted,ibid., 613; White v. White, 18 N.C. 260; Sorrey v. Bright, 21 N.C. 113;Pendleton v. Blount, ibid., 491; White v. Green, 36 N.C. 45. By an act passed in 1830 (1 Rev. Stat., ch. 111, sec. 59), a testator may emancipate his slaves by his last will under certain restrictions.
Cited: Wright v. Lowe, 6 N.C. 356; Stevens v. Ely, 16 N.C. 497, 499;Redmond v. Coffin, 17 N.C. 441, 453; S. v. Gerard, 37 N.C. 219;Thompson v. Newlin, 38 N.C. 340; Cox v. Williams, 39 N.C. 17; Bennahanv. Norwood, 40 N.C. 108; Lemmond v. Peoples, 41 N.C. 140; Thompson v.Newlin, 43 N.C. 45, 50; Green v. Lane, ib., 79; Green v. Lane, 45 N.C. 114;Myers v. Williams, 58 N.C. 367.