The only difficulty we have felt in this case is upon the point of jurisdiction; but upon an attentive examination of the act of 1762 we are inclined to support that of the County Court.
The act declares that all legacies, distributive shares, etc., due or owing to any orphan, may be recoverable by petition to the County Court; and if we are not to understand the word "recoverable" as referable to the person entitled to receive, it would follow that on the death of the distributee his administrator would not be within the provision of the act. Such a construction we think would be confined; and as this act was designed to remedy the delay and inconvenience incident to the courts of chancery, it ought to be construed liberally.
This is a petition to recover a distributive share of the slaves of the testator which are stated to be undisposed of by the will; and as to the devise to the executors in trust to liberate, the trust is void and the next of kin are entitled, if left not otherwise disposed of by the will. In this will there is no residuary clause, and Haywood v. Craven, 4 N.C. 360, is in point.
Then as to the evidence offered to prove a want of consideration in the purchase by the petitioners: that point was a controversy exclusively between the two parties to the contract, in which the executors had no interest or concern. For though the petitioners were bound to make out an effectual contract before the court would give them a decree, yet whatever was valid and conclusive between them and the distributees, who were parting with their interest, must necessarily be so with the executors, who are only naked trustees. The substance of this part of the case is, To whom shall the shares be delivered? The distributees are, of course, entitled unless they have parted with their interest, and whether they have depends (357) upon their contract; the contract set forth is by deed, and for valuable consideration expressed, they are concluded by it, and the executors have no interest in disputing it. And as the distributees, in case payment was made to them by the executors, would be compelled by their deeds to account with the petitioners, all being before the court, the executors are compelled to do it in the first instance. The evidence, therefore, was properly rejected, and there must be a decree for the petitioners.
Cited: Newsom v. Newsom, 26 N.C. 389; Burch v. Clark, 32 N.C. 173;Pass v. Lea, ib., 417; Bennehan v. Norwood, 40 N.C. 108. *Page 261