J. T. HUNT and others v. WILLIAM SATTERWHITE.

*Will, construction of—Tenant by the curtesy.*

A testator devised land to a trustee for the benefit of his daughter and her children, she having two children when the will was made who survived the testator; *Held* that the devisees take a fee simple estate as tenants in common ; and upon the subsequent death of the mother, the father is entitled to an estate for life as tenant by the curtesy in one-third part of the devised land.

(*Moore* v. *Leach*, 5 Jones, 88 ; *Gay* v. *Baker*, 5 Jones Eq., 344, cited and approved.)

CIVIL ACTION to recover land tried at Fall Term, 1880, of GRANVILLE Superior Court, before *Eure, J.*

The facts were agreed upon, and judgment rendered for the plaintiffs, from which the defendant appealed.

*Messrs. Gilliam & Gatling,* for plaintiffs.
*Mr. W. H. Young,* for defendant.

SMITH, C. J.   The controversy in this action requires in its solution the construction of the following clause in the will of Jesse J. Kelly: I wish my old tract of land on the east side of Glebe road to be equally divided by a line running east and west; that portion on the south side of said line, I give in trust to John W. Kelly for the benefit of my daughter, Martha E. Satterwhite, and her children; that part of my old tract lying on the north side of said line, I give to my daughter, Sue A. Kelly.

The will was made on July 7th, 1865, and the testator died the next year, leaving him surviving the said Martha E., wife of the defendant, and their two infant children, Susan and George.   Martha E. has since died, and afterwards her son George also, without issue, and his sister Susan is his sole heir at law.   After the death of both, the latter intermarried with John McKeonn, and they (the wife being of full age) executed a deed of mortgage of said land, under the provisions of which it has been sold and conveyed to the plaintiff.   The defendant claims an estate for his own life, as tenant by the curtesy in one undivided third part of the land, while the plaintiff contends that an estate for life only vested in the said Martha E. under the will, with remainder to her children, which under the deeds has been transmitted to him.

The only question to be determined is whether the devisees take the entire land as tenants in common, or in succession, the mother during her life, and the children the remainder in fee.

The rule of interpretation of such and similar words in *Wild's* case (6 Rep. 17) is concisely expressed thus: A devise to one and his children gives the parent an estate tail, if he has no children at the time of the devise; but if he then has children, he takes jointly with them, and under the operation of our statute, as tenants in common. O'Hara Wills, 814. The reason assigned for this method of construction is, that "the intent of the devisor is manifest and certain that the children or issue should take, and as immediate devisees they cannot take, because they are not *in rerum natura*, and by way of remainder they cannot take, for that was not his intent, as the gift is immediate; therefore such words are taken as words of limitation." But if there are children or issue then in being, the express particular intent may take effect according to the common law, and will prevail unless a contrary intent appears in the will, and all will share equally in the devised estate.

This rule was recognized and enforced in *Moore* v. *Leach*, 5 Jones 88, the facts of which are essentially the same as those now before us. There, the devise of the houses and lots was to "Eliza Ann Leach (wife of John Q. A. Leach) and her children, to her the said Eliza and her children forever." At the time of making the will, the said Eliza had three children, all of whom survived the testator. Eliza and her husband conveyed the premises with warranty of title to the plaintiff. It was held that the mother and her children "should take together the houses and lots," as the devise was *in presenti* to her and her children forever. The rule of construction is reaffirmed and applied to a conveyance by deed in *Gay* v. *Baker*, 5 Jones Eq., 344, and it is declared that by force of such a gift, the mother and her children, including one then *in ventre* and excluding all born afterwards, were "entitled to the absolute estate in the trust fund *as tenants in common*."

There is no indication in the other provisions of the will

that the testator used the terms of this devise in any other than their common acceptation, as a present and direct gift to all the persons designated. Wherever there has been a different construction, admitting of estates in succession, it is based upon an intent that such should be the operation of the words of donation gathered from other parts of the instrument. No such intent is manifested elsewhere in the will. There is a devise of another tract in the preceding clause in language almost identical, "in trust to John W. Kelly *for the benefit of Martha E. Satterwhite and her children;* and again in the last clause, a bequest of a horse " to John W. Kelly in trust *for her (his daughter) and her children,*" thus uniformly associating them as common and equal objects of his proposed bounty.

The interposition of a trustee in whom the legal estate vests, is obviously to secure the property for the use of the married daughter and her infant children, and whether the terms employed are in law sufficient to create a separate estate in her, (a point to which the cases cited for the plaintiff are directed) they cannot change the import of the expression in apportioning the trust estate among the mother and her children.

The ruling of the court below is therefore erroneous and the judgment must be reversed, and we adjudge that the defendant has an estate for his own life in the one-third part of the devised land, and is entitled to possession.

 Error.          Reversed.