ABRAHAM SILLIMAN AND WIFE v. T. H. WHITAKER
AND WIFE.

*Devise—Construction of Will.*

A devise to "S. and all her children, if she shall have any," vests
in S. a fee-simple if she has no children of S. at testator's
death; and such estate cannot be divested by the subsequent
birth of a child; if she have children at testator's death, she
and they take as tenants in common.

ACTION OF EJECTMENT, tried at April Term, 1896, of
FRANKLIN Superior Court. The facts admitted were as
follows:

"1. That Richard Ward died in Franklin county, N. C.,
in the year 1849, seized of the tract of land for the recovery of which this suit is instituted.

"2. That he left a last will and testament, which was
duly proven at the March Term, 1850, of the Court of
Pleas and Quarter Sessions for Franklin county, was
admitted to probate and is of record in said county, in
Book N, page 326, *et seq.*, a copy of which is filed with
plaintiff's complaint.

"3. That in said will the testator employed the following language: ' I hereby leave in trust to my sons Atkin,
Abram and Nathan, or either of them, all the property
and money or anything else that my daughters Mary and
Sarah may, under this will, receive for them or either of
them, the said Atkin, Abram and Nathan to have complete
control and management of the whole and every part
thereof, and to be used for the entire benefit and use of
my said daughters Mary (and all her children, including
those she may hereafter have, if any), and my daughter
Sarah (and all her children, if she shall have any).'

"4. That at the time of his death said testator left him

surviving the following children, who were the beneficiaries under the said will: Seth, Benjamin, Abraham, Nathan, Atkin, Pressly, and two daughters, Mary and Sarah Ward.

" 5. That by the terms of said will the lot or parcel of land, (to recover which the suit is brought,) which at that time was an undivided part of said testator's estate, was devised to Abram, Atkin and Nathan Ward, sons of said testator, in trust for Sarah Ward, a daughter of said testator, and all her children, if she should have any.

" 6. That at the Fall Term, 1850, the Court of Equity for the County of Franklin, State of North Carolina, in pursuance of petition thereto made, appointed the commissioners to divide all the lands of Richard Ward, deceased, north of Tar river, in the County of Franklin, between his three youngest children, Nathan, Sarah and Pressly Ward, in accordance with terms of said will. That on the 26th and 27th days of October, 1850, John D. Hawkins, W. T. Johnson and N. B. Massenburg, the commissioners thereto appointed by the said Court of Equity, proceeded to divide and allot in severalty to the three youngest children of said Richard Ward the said land in Franklin county ; that in said allotment the tract of land (to recover which this suit is brought) was apportioned and set apart to Sarah Ward, the record in the proceeding of which will be found in Book 3, pages 203 and 204, in the registry of Franklin county, State of North Carolina.

" 7. That at the time of the death of said testator, and the subsequent division of his real estate as above set out, said Sarah Ward was an infant, and did not attain her majority until 1859.

" 8. That in 1867 said Sarah Ward moved from North Carolina to the State of Texas, where she resided until the 9th day of September, 1894, when she died. That prior

to her said death, to-wit, on the ___ day of June, 1868, the said Sarah Ward intermarried with George C. Gray, by whom there was born to her on the 22d day of July, 1869, one female child, (who is the *feme* plaintiff of this action,) who has since intermarried with the co-plaintiff, Abraham Silliman.

" 9. The defendants admitted, further, that the summons in this action was issued on the 16th day of January, 1895.

" 10. That the defendants are now in possession of the tract of land described in the pleadings, to recover which this suit is brought."

Upon these admissions, his Honor held that the burden of proof was on the defendants.

The defendants then offered in evidence the records of the Court of Equity of Franklin county, (Fall Term, 1856, and Spring Term, 1857,) showing the petition on behalf of the infant petitioner, Sarah Ward, for the sale of her land for reinvestment, order and report of sale and decree confirming sale, etc.

It is admitted that, from and after said order and decree of said court, the said Nathan Ward became and was and acted as the trustee for said *cestui que trust*, under the will of said Richard Ward, and said Nathan Ward is still living.

The plaintiffs objected in apt time to the introduction of the records, for that it and the sales were made before she was *in esse*, and she is not affected thereby.

(Objection overruled, and plaintiffs excepted.)

It was admitted that the land sold under the said proceedings in the Court of Equity is the land in controversy, and that the defendants had it in open, notorious and exclusive possession under *mense* conveyances, running back to the title conveyed in pursuance of that sale.

SILLIMAN *v.* WHITAKER.

Seth Ward paid purchase-money of said land.

His Honor charged the jury, upon the evidence thus adduced, that the plaintiffs were not entitled to recover, and instructed them to answer the issue ".No," holding that the possession was adverse.

The plaintiffs excepted and appealed from the judgment rendered.

*Messrs. W. M. Person, F. S. Spruill* and *Shepherd & Busbee,* for plaintiffs (appellants).

*Messrs. J. B. Batchelor, A. C. Zollicoffer* and *N. Y. Gulley,* for defendants.

CLARK, J.: The devise was to trustees " in trust for Sarah Ward and all her children, if she shall have any." It was settled in Wild's case, 6 Rep., 17, (3 Coke's Rep., 288,) decided in the 41st year of Elizabeth, that a devise to B and his (or her) children, B having no children when the testator died, is an estate tail. If he have children at that time, the children take as joint tenants with the parent. This has been uniformly followed in England. In the late case in the House of Lords of *Clifford* v. *Koe,* 5 App., 447, Wild's case was reaffirmed, opinions being delivered *seriatim* by Lord Chancellor SELBORN, Lord HATHERLY, Lord BLACKBURN and Lord WATSON, unanimously sustaining Wild's case, and stating that " for these three hundred years it has been the uniform ruling " in England. Theobald on Wills, 334; Hawkins on Wills, 198.

In this country, estates tail having been turned into fee-simple, while Wild's case has been as uniformly followed as in England, it has been with the necessary modification that where the devise is to B and his children, if he have no children at the testator's death, B takes a fee-simple

instead of an estate tail, and further, (by virtue of our statutes), if there are children of B at the testator's death, the father and children take as tenants in common instead of joint tenants. *Wheatland* v. *Dodge*, 10 Metc., 502; *Nightingale* v. *Burrell*, 15 Pick., 104 (on p. 114); 3 Jarman on Wills, 174 ; Schouler on Wills, Secs. 555, 556. This has always been the ruling in North Carolina, as was held in *Hunt* v. *Satterwaite*, 85 N. C., 73, citing with approval Wild's case and precedents in our reports, and SMITH, C. J., adds that the interposition of a trustee is obviously to secure the property for the use of the mother and her children, and cannot change the construction of the devise. This case in turn was approved by MERRIMON, J., in *Hampton* v. *Wheeler*, 99 N. C., 222, in which he cites the additional cases of *Moore* v. *Leach*, 50 N. C., 88; *Chestnut* v. *Meares*, 56 N. C., 416; *Gay* v. *Baker*, 58 N. C., 344, and states that " the rule is clearly settled and we need not advert further to it."

It is true the words here are to " Sarah and her children, *if she shall have any*." We do not see that these added words change the construction in any wise. At most, they merely indicate that at the time of writing the will the testator knew his daughter had no children, and doubtless the same was true in all the numerous cases above cited in which the devise was to "B and his children," in which uniformly when B had no children at the testator's death he was held in England to take an estate tail, and in this country a fee-simple. In the present case there is nothing on the face of the will to show a contrary intent to take it out of the long-settled rule. From the allegations of the complaint it appears that Sarah was eleven or twelve years of age at the testator's death, but *non constat* that he might not have expected that at his death she would have been married and the mother of a child.

SILLIMAN *v.* WHITAKER.

In a very similar case—*Gillespie* v. *Shumann*, 62 Ga., 252 (1879), where the devise was to a woman and " her children, if any living," it was held to mean living at the death of the testator—almost our very case—and as none were then living, the woman took a fee-simple estate, and the birth of a child subsequently to the death of her testator could not divest the fee—and parol testimony to show a contrary intent in the testator was held inadmissible. The rulings above cited are not only uniform in England and in this country, but they are consonant with our public policy, which is adverse to tying up estates; and further, in the present case the ruling is consonant with justice, which would be outraged by turning out the parties who have held the realty undisturbed for forty years under *mesne* conveyances from a purchaser who bought in reliance upon the decree of a court of equity, which, after careful investigation, had adjudged that it had power to order the sale, and by whom the purchase money in full (which is doubtless more than the property would bring now) was paid over to the trustee named in the will for the benefit of the mother, whose only child is now seeking to recover the premises which have passed from hand to hand in reliance upon the solemn adjudication of the Court of Equity.

It is proper to say that if the devise had been to A for life remainder to such children as may be living at her death, a very different case would have been presented. *Williams* v. *Hussell*, 73 N. C., 174; 74 N. C., 434: *Young* v. *Young*, 97 N. C., 132; or even if the devise had been to A for life, with remainder to her children. But here the devise to " B and her children (if she shall have any)" is in substance that which has been construed in Wild's case and others above cited to confer upon B, when she has no children at the death of the testator, not a life estate, but an estate tail in England and a fee-simple in

this country.    When words used in a will have received a settled judicial construction the testator is taken as using them in that sense, unless a different intent plainly appears. Applying that rule, the devise here was, in legal effect, to "Sarah and her children, if she shall have any at the death of the testator, and if not, then to Sarah in fee-simple," and the law hath been so written "these three hundred years," say the authorities.                                No Error.