FLORENCE THOMAS, BY HER NEXT FRIEND, BEULAH THOMAS, v. R. S. CLAY, ADMR., WITH THE WILL ANNEXED, AND TRUSTEE OF THE ESTATE OF FLORENCE I. THOMAS, DECEASED.

(Filed 21 May, 1924.)

1. **Wills—Trusts—Charity—Indefiniteness of Beneficiary—Estates—Remainders—Descent and Distribution.**

A bequest of the income from the proceeds of sale of testatrix's entire estate to her son and granddaughter in certain proportions, and then to the survivor for life, with ulterior limitation to such objects of charity as the executor may consider as in accordance with her wishes, first the son and then the executor having predeceased the granddaughter: *Held*, an active trust is created, and, the *cy pres* doctrine not obtaining in this State during the life of the granddaughter, the ulterior limitation to charitable objects is void for indefiniteness, no discretionary power being thus given to the administrator with the will annexed, and at the death of the granddaughter the estate reverts to the testatrix's. heirs at law, under the doctrine of resulting trusts.

2. **Same—Education and Advancement..**

The income of an estate devised and bequeathed in trust, to be used for the education and "accomplishment" of the granddaughter of testatrix. until she becomes twenty-one years of age, and then the income to be paid direct to her by the trustee named in the will, evidences the testatrix's intent that the trustee may use so much of the income during the minority of the beneficiary as in his sound judgment and discretion may be necessary for her food, raiment, education, and accomplishment.

3. **Same—Lapsed Legacies—Devises.**

The executor, with power of sale, holding in trust under the terms of the will the proceeds from the sale of the property of the testatrix's estate in trust to pay the income to her son and daughter, may sell and convey a lapsed legacy in lands, and hold the proceeds under the trust imposed on him by the will.

CIVIL ACTION, heard before *Ray, J.,* at September Term, 1923, of McDOWELL.

Appeal by defendant.

*Merrimon, Adams & Johnston for plaintiff.*
*Morgan & Ragland for defendant.*

CLARKSON, J.  The plaintiff Florence Thomas is an infant, about six years of age, and the plaintiff Beulah Thomas, her mother, has been duly appointed her next friend for the purpose of bringing this action to construe the will of Florence I. Thomas, deceased, and ascertain her rights under said will.  E. A. Thomas died in McDowell County, leaving considerable property, which he willed to his wife, Florence I. Thomas.  This will was duly probated in McDowell County, N. C.  The

said Florence I. Thomas and E. A. Thomas had one son, Emmett Thomas, who is now dead, having been killed in an automobile wreck on or about 17 July, 1922. Emmett Thomas married the plaintiff Beulah Thomas, next of friend to Florence Thomas, and Florence Thomas is the only child of this marriage. On or about 25 June, 1917, Florence I. Thomas made a last will and testament. She died in McDowell County, N. C., in March, 1920, and, shortly after her death, in the same month, her will was duly probated in McDowell County, N. C. The will is as follows:

"NORTH CAROLINA—McDowell County.

"I, Florence I. Thomas, being of sound mind, do make and declare this my last will and testament:

"1. I bequeath and devise to R. F. Burton, in trust for the uses and purposes hereinafter named, all of my property and the proceeds from the sale of the same, both personal and real, by my executor, as hereinafter directed, except the articles hereinafter given and bequeathed to my granddaughter, Florence Thomas.

"2. It is my will that my executor, hereinafter named, shall immediately after my death take possession of all my property, both personal and real, and sell the same for cash, at public or private sale, in such manner and at such time as he shall deem best, and, at the close of his administration of my estate, that all funds and property belonging to my estate shall, after final settlement with said executor, be delivered and turned over, through the court, to the said R. F. Burton, trustee, who shall invest the same in United States bonds, State, county, or other municipal bonds, or loan the same upon good security, as he may deem best, using abundant precaution against risk, and from the proceeds realized, in interest or net income, pay my son, Emmett Thomas, a sum equal to two-thirds of the average income per month realized by said trustee from the property in his hands.

"3. It is my will that the excess or remaining one-third of income from my property, above the amount hereinabove directed to be paid my said son monthly, shall be held and invested for the benefit of my granddaughter, Florence Thomas, by said trustee, in such securities as he shall deem best, or loaned, in his discretion, for the purpose of creating a fund to be expended by said trustee in the education of my said granddaughter, to be expended for that purpose by him; and if my said son should die before my said granddaughter, that after his death all of the income from my said property shall be held and used as provided in this my last will for her; and if my said granddaughter should die before my said son, that after her death all of the income from my said property shall be paid to him as provided in this my will; and after my

said granddaughter shall reach the age of twenty-one years, that the income provided for her use shall be paid to her annually, or semi-annually, or at such times as said trustee shall deem best within each year, considering her situation and the uses that are likely to be made of the money, to the end that she may realize the greatest good from the same.

"4. It is my will that my said trustee shall expend no portion of the principal derived from the sale of my property for any purpose, except, first, for the reasonable education and accomplishment of my said granddaughter, in case or in so far as the income, above the amount to be paid monthly to my said son, should be insufficient to educate her; second, in case my said son, Emmett Thomas, should become permanently disabled, by reason of prolonged affliction in health, to support himself by industrious effort, for his maintenance and support; third, in case my said granddaughter, Florence Thomas, should become so seriously and permanently afflicted in health as to necessitate her having special nursing—that is, special nursing by persons other than relatives, especially employed for that purpose, for medical attention and treatment, in either of which cases it is my will that such portion of the principal as may be absolutely necessary for such purpose may be used therefor by said trustee.

"5. It is my will that said trustee, hereinabove named, shall, so long as he executes the trusts herein provided for the expenditure of any of the principal as herein provided, but in case said trustee should for any purpose not act, or, on account of his death, or for any other purpose should cease to act as trustee, it is my will that a trustee be substituted to carry out and fully execute the trusts herein provided for, but not according to his discretion and judgment as to the necessity of expending any portion of the principal for the purpose above named, it being my will that in case such necessity for the expenditure of any of the principal for the purposes hereinabove named, to wit, the education of my said granddaughter, or on account of the permanent affliction of my said son, or of my said granddaughter, should arise, or should be thought to have arisen, that the court should be applied to, and proper orders taken for such expenditures, after careful inquiry into the matter by the court.

"6. At the death of my said granddaughter, Florence Thomas, it is my will that such money and property as shall then remain in the hands of the trustee shall be permanently invested by him in such worthy objects of charity as he shall determine upon as being in accord with what my wishes and tastes in that direction were when living, and final settlement shall then be had, with the court closing the administration of the funds herein provided for.

"7. I give and bequeath to my granddaughter, Florence Thomas, my piano, the case of books, consisting of standard works, etc., my cedar chest, my mahogany bureau and large mahogany bed, my jewelry and silverware, to be delivered to her by said trustee when she arrives at the age of 18 years.

"8. It is my will that R. F. Burton shall act as, and I do hereby constitute and appoint him, my executor, to all intents and purposes, to execute this my last will and testament according to the true intent and meaning of the same.

"9. It is my will that said trustee shall be required to execute such bond, before entering upon his duties, as is by law required of guardians, and that he shall receive the compensation for his services provided by law for guardians.

"10. It is my will that my said son, Emmett Thomas, shall be permitted by said trustee to occupy the house and lot where he now lives, the Baber house, as a dwelling for himself, without the payment of rent, and that it be rented by said trustee to some other person at such time or times as it shall not be occupied by my said son as his home, while he shall live, and that it shall then be sold by said trustee.

"In witness whereof, I, the said Florence I. Thomas, have hereunto set my hand and seal, on this 25th day of June, 1917.

"FLORENCE I. THOMAS.    (Seal)

"Signed, sealed, published and declared by the said Florence I. Thomas to be her last will and testament, in the presence of us, who, at her request and in her presence, do subscribe our names as witnesses thereto.

"T. A. MORPHEW,
"LOUIS G. BEALL."

Immediately after the said last will and testament of the said Florence I. Thomas was probated, the said R. F. Burton qualified as executor and also as trustee, and acted and continued to act as such executor and trustee until his death, on or about 1 November, 1921; that thereafter the defendant R. S. Clay was appointed by the Superior Court of McDowell County as administrator, with the will annexed, and trustee of the estate of the said Florence I. Thomas, deceased.

The plaintiffs contend: "That item 6 of said last will and testament of said Florence I. Thomas is utterly void, and upon the death of the said Emmett Thomas the whole of said estate was vested in the said Florence Thomas, and that she is now entitled to the immediate possession, right, title and enjoyment of all of said estate; that in any event she is entitled to the immediate use, benefit and enjoyment of the whole of the income of said estate; that the residuary clause in said will is

absolutely null and void, and that upon the death of the said Emmett Thomas, aforesaid, the plaintiff being the only child, heir at law and next of kin of the said Emmett Thomas and the said Florence I. Thomas, and of the said E. A. Thomas, that said estate, and the whole of it, immediately vests in her, and that she is entitled to the immediate possession and enjoyment of the same and the whole in fee."

The defendant contends that plaintiff's construction of the last will and testament is incorrect as to item 6.

The court below rendered the following judgment: "This cause coming on to be heard at this, the regular September, 1923, Term of the Superior Court of McDowell County, and being heard before the Hon. J. Bis Ray, judge, upon the allegations and admissions contained in the pleadings, and upon the argument and admissions of counsel made, when and where the court finds the following facts and adjudges as follows:

"The court finds as a fact that the property in question and involved in this litigation was originally the property of E. A. Thomas, and that said E. A. Thomas died in McDowell County, leaving a will, devising the same to Florence I. Thomas, and that said property was the only property of which the said Florence I. Thomas was ever seized; that the only child, heir at law and next of kin of the said E. A. Thomas and Florence I. Thomas was Emmett Thomas; that Emmett Thomas has since died and left surviving him the plaintiff, Florence Thomas, who is the only child, next of kin and heir at law; that the said Florence Thomas is the only representative of the entire family of the said E. A. Thomas, of Florence I. Thomas and of Emmett Thomas.

"The court further finds as a fact that it is utterly impossible to ascertain or determine the beneficiary, or beneficiaries, under item 6 of the will; that there is no one who knows or is able to tell what would be in accord with the wishes and tastes of the said Florence I. Thomas in this respect when living; that the said item 6 of the will is so vague, indefinite and utterly incapable of determination at any time that the same is utterly void and ineffectual.

"Now, therefore, it is considered, ordered and adjudged by the court that item 6 of the will of Florence I. Thomas is void, and as the trust estate attempted to be created was made for the purpose of carrying out said void provision, the court adjudges that the entire estate of the said Florence I. Thomas is now vested in fee in the plaintiff, Florence Thomas.

"It is further adjudged by the court that the defendant forthwith account for, all and singular, the matters and things in his hands, and that the same be turned over to the guardian for the said Florence Thomas, to be appointed by the court."

THOMAS *v.* CLAY.

The main controversy is over item 6 of the will, which is as follows:

"6. At the death of my said granddaughter, Florence Thomas, it is my will that such money and property as shall then remain in the hands of the trustee shall be permanently invested by him in such worthy objects of charity as he shall determine upon as being in accord with what my wishes and tastes in that direction were when living, and final settlement shall then be had, with the court, closing the administration of the funds herein provided for."

The matter has been recently before this Court.

W. H. Perkins, in his will, expressed a desire "that his widow, Nannie E. Perkins, 'should devise any property he had devised and bequeathed to her to the person or persons who had been the kindest to us in our old age, whether such person be kinsman or stranger,' thereby investing in her a personal discretion which she never exercised, and which no person except her could exercise, it being her sole and only province to determine who had been the kindest to W. H. Perkins and herself in aiding and comforting them in their old age." It was held that, by reason of the uncertainty of the beneficiary and the failure to designate one, that the provision of the will was inoperative and void. *Weaver v. Kirby,* 186 N. C., 390, and cases cited.

In this State the *cy pres* (as near as possible) doctrine does not prevail, as in England. There the chancellor can administer a fund by which the intention of the party is carried out *as near as may be,* when it would be impossible or illegal to give it literal effect.

It is well settled in this State and others that to constitute a valid trust, undoubtedly three circumstances must concur — (1) sufficient words to raise it, (2) a definite subject, (3) and an ascertained object. Bispham Equity (9 ed.), sec. 95.

"It is well established by an unbroken line of decisions that there must be found within the terms of the declaration of trust a *cestui que trust,* and if there is no certain and complete beneficiary named who may come into a court of equity and claim and establish their right to the fund and to the trust, it will be void for uncertainty." 25 R. C. L., 1189, and cases cited, among others, *Witherington v. Herring,* 140 N. C., 497.

In the *Witherington case, supra,* the Court uses this language: "It is sufficient if the language used shows the intention to create a trust, clearly points out the property, the disposition to be made of it, and the beneficiary." Where the object of the bequest is indefinite and uncertain, it is held to be void. *Holland v. Peck,* 37 N. C., 255; *Hester v. Hester, ibid.,* 340; *Bridges v. Pleasant,* 39 N. C., 26. In *Keith v. Scales,* 124 N. C., 516, there is a full and elaborate discussion and citation by

*Clark, J.* (now C. J.). *Hadley v. Forsee,* 203 Mo., 418; 14 L. R. A. (N. S.), 1; *Fifield v. Van Wyck,* 94 Va., 557; *Fairchild v. Edson,* 154 N. Y., 199.

In *Wilcox et al. v. Attorney-General,* 207 Mass., 198; Anno. Cases, 1912 A, p. 833, it is said: "Even though a general purpose to devote the residue of the testator's estate to charity is apparent from the will, yet when the trustee is not given discretion to select the charitable objects, and the objects finally to be selected are not designated and can be ascertained only by resorting to the testator's oral communications to the trustee and another person, the trust is too indefinite to be enforced." "Where the residue of the testator's estate is devised for charitable purposes, and the charitable trust attempted to be created is declared invalid, the residue goes to the heirs at law by way of a resulting trust." *Goodale v. Mooney,* 60 N. H., 528; 49 Am. Rep., 334; *Brennan v. Winkler,* 37 S. C., 457.

"There must be a donor, a trustee competent to take, a use restricted to charitable purpose and a definite beneficiary." *Grimes v. Harmon,* 35 Ind., 198; 9 Am. St. Rep., 690.

Under the authorities in this State and elsewhere, we are of the opinion that at the death of the testatrix's granddaughter, Florence Thomas, item 6 is inoperative and void by reason of the indefiniteness of the bequest; the words, "in such worthy objects of charity as he shall determine upon as being in accord with what my wishes and tastes in that direction were when living," being void for uncertainty. The property, at the death of Florence Thomas, the trust results, or reverts, to the heirs or next of kin of the testatrix, Florence I. Thomas.

We think the case of *Trust Co. v. Ogburn,* 181 N. C., 324, consonant with the position taken in this case.

"Whenever the intention is to create a trust which cannot be disposed of to charitable purposes and is too indefinite to be disposed of to any other purpose, the property remains undisposed of, and reverts to the heirs at law or next of kin, according to its nature." *Haywood v. Craven,* 4 N. C., 360; *Stevens v. Ely,* 16 N. C., 493.

"It is certainly a general rule that where the property is given upon a clear trust, but for uncertain objects, the subject of such trust is regarded as undisposed of, and the benefit of the trust reverts to those to whom the law gives the property in default of disposition by its owner." *Holland v. Peck, supra.*

*Adams, J.,* in *Reid v. Neal,* 182 N. C., 199, says: "In the absence of an effective residuary clause, a lapsed or void legacy or devise will go to the next of kin, or to the heirs of the testator, as in case of intestacy," citing *Johnson v. Johnson,* 38 N. C., 426; *Winston v. Webb,* 62 N. C., 1; *Robinson v. McIver,* 63 N. C., 645; *Twitty v. Martin,* 90 N. C., 643.

What shall be done with the property until the death of the plaintiff, Florence Thomas? The defendant R. S. Clay, administrator, with the will annexed, and trustee of the estate of Florence I. Thomas, or his successor or substitute trustee, shall carry out the will and fully execute the trusts in accordance with the terms. The other parts of the will, other than item 6, *supra,* in our opinion, can be substantially defined. We are of the opinion that the trust created is "active." The principle laid down in *Cole v. Bank,* 186 N. C., 514, is applicable. Emmett Thomas having died, the income going to him now goes to the granddaughter, Florence Thomas, under the terms of the will. We conclude, from a liberal and common-sense construction of the will, that so much of the entire income, or all of it, as shall be deemed necessary, can be used during the minority of the plaintiff, Florence Thomas, for her maintenance, clothing and education. The testatrix was solicitous and made special provision for the education of her granddaughter, Florence Thomas, but since her father is dead and she has no one to support her, it could hardly be imagined that the trustee could give her the education desired by her grandmother without first providing food and raiment. In fact, especial provision is made to spend the *corpus* of the fund in case of serious or permanent affliction or in case of necessity for the education and accomplishment of Florence Thomas, but this could not be done without inquiry into the matter by the court. Discretion and judgment by inference is given the trustee to spend the income.

From a careful review of the entire will, we are of the opinion that the entire income of the estate can be used in the sound judgment and discretion of the administrator and trustee for food, raiment, education and accomplishment of Florence Thomas until she becomes 21 years of age, and the income to be turned over to her after she becomes 21 years of age, according to the clear language of the will, in periods annually or semiannually, or at such times as the trustee shall deem best within each year. *Wells v. Williams, ante,* 139.

As to the "Baber house," Emmett Thomas having died, the defendant administrator, with the will annexed, and trustee, has the right to sell it and make title in fee simple and invest the proceeds in accordance with the will.

It is well said by defendants in their brief: "The question presented to the court is whether the will of testatrix as executed by her shall be absolutely nullified by the judgment of the Superior Court appealed from. The testatrix, appellant, submits evidences, in her will, a judgment and discretion not usually shown where parents give their property absolutely to their children or other relatives, who, too often, in a short while have nothing left of it to help them through life in the days to come when they need it most. In many instances the use of the property,

by the enjoyment of a certain income from it for the span of two lives
or two generations, as in this case, is a far greater blessing than the
power of disposition which title .confers—and who but a wise mother,
who has the courage of her convictions, can best determine the wisdom
of her action in that connection when providing for her loved ones?"

The express provisions of a will creating an "active trust," which is
not contrary to law, ought to be upheld. The parents know better than
any one else the needs and weaknesses of their family and loved ones,
and the courts·should carry out the solemn and express trust.

We have been much aided by the able briefs of counsel.

The judgment rendered by the court below is modified in accordance
with this opinion. The cost is to be paid out of the estate.

Modified and affirmed.