### CHARLES HENDERSON ROBERTSON v. HENRY CAMERON ROBERTSON ET AL.

(Filed 25 November, 1925.)

1. **Estates—Contingent Remainders—Statutes—Sales—Deeds and Conveyances—Interpretation.**

     Where lands affected by a contingent interest contained in a deed are decreed to be sold by the court under the provisions of our statute, and the proceeds invested in accordance with the deed, and in furtherance thereof the commissioner who sells the land expressly stated in his deed that the contingencies of the original deed are to be preserved, but contains provisions at slight variation as to the meaning of certain of its terms: *Held,* it was sufficient under the pleading and evidence in this case for the court to reform the commissioner's deed; and, *held further,* these variations will be construed as a mistake of the draftsman, and the limitations construed as expressed in the original deed will control.

**2. Same—Equity—Reformation of Deeds—Words and Phrases—Vested Interests—Fee-Simple Title.**

A deed declaring a trust with certain contingent limitations over to the living children upon the death of their "father or mother," prior takers of the land: *Held*, construing the instrument to effectuate the intent of the grantor and the early vesting of the estate, the word "or" will be construed in its disjunctive sense, and the surviving children at the death of either parent will take a vested fee-simple estate.

**3. Same—"Or" to mean "And."**

In construing a deed the word "or" will not be construed to mean "and" unless it is necessary to carry out the expressed intent of the grantor, or such intent is gathered from a correct interpretation of the instrument.

APPEAL by three of the defendants from *Schenck, J.*, at October Term, 1925, of GUILFORD.

Civil action to quiet title and to remove a cloud thereon, arising from claim of defendants to a contingent interest in the real property in question. C. S., 1743.

From a judgment on the pleadings in favor of plaintiff, the defendants, William R. Robertson, Margaret H. Robertson and Lucy Robertson Campbell, appeal, assigning error.

*Hines & Kelly for plaintiff.*
*B. T. Ward for defendants.*

STACY, C. J. This is an action, brought under C. S., 1743, to quiet title and to remove a cloud therefrom, which, it is alleged, arises out of a claim by the defendants that they have a contingent remainder interest in the property, and to which plaintiff asserts a full and complete fee-simple title. The primary question involved is the proper construction of the deeds held by the plaintiff to the *locus in quo.*

On 26 October, 1871, Catherine R. Owen, who owned a lot in the town of Hillsboro, Orange County, conveyed the same, by deed properly executed and registered, to David A. Robertson, for the following recited purposes:

"1. For the sole and separate use of the said Mrs. Catherine R. Owen for and during her natural life.

"2. For the said David A. Robertson and Lucy Robertson, his wife, or the survivor of them, for and during the term of his or her natural life.

"3. For the child or children of said Lucy Robertson that may survive their father or mother, or the issue of such and their heirs forever.

"4. On failure of issue of said Lucy Robertson then to William Davies, the grandson of said Catherine R. Owen, and his heirs forever."

David A. Robertson died 12 January, 1883, leaving him surviving his widow, Lucy H. Robertson, and two children by the said Lucy H. Robert-

son, to wit, Charles H. Robertson, then 11 years of age, the present plaintiff herein, and David W. Robertson, then 5 years old, whose children are the appellants in the present case.

After the death of David A. Robertson, Catherine R. Owen and Mrs. Lucy H. Robertson instituted an action in the Superior Court of Orange County at the Fall Term, 1883, in which action said Charles H. Robertson, David W. Robertson and William Davies, all infants at that time, were represented by guardian or next friend. The purpose of said action was to obtain an order for the sale of the lot in Hillsboro, and for the reinvestment of the funds derived therefrom, in a lot in Greensboro, Guilford County. This order was duly entered containing the direction that the deed to the property in Greensboro be taken "for the same persons with the same limitations as those contained in the deed from Catherine R. Owen, dated 26 October, 1871 (with the exception of David A. Robertson, who died on 12 January, 1883)." Supposedly agreeable with the provisions of this order, the deed to the lot in Greensboro, the *locus in quo,* was executed and duly registered, but with the following limitations incorporated therein:

"1. For the sole and separate use of Mrs. Catherine R. Owen for and during her natural life.

"2. For the said Lucy H. Robertson for and during the term of her natural life.

"3. For the child or children of the said Lucy Robertson, that may survive their mother or the issue of such and their heirs forever.

"4. On failure of issue of said Lucy H. Robertson then to William Davies, the grandson of said Catherine R. Owen, and his heirs forever."

This deed, however, recites the whole history of the trust, sets out its initial terms, and contains a declaration that it is intended to preserve and to perpetuate the original trust, established in the deed from Catherine R. Owen to David A. Robertson, bearing date 26 October, 1871, and referred to above.

Catherine R. Owen died sometime prior to 1902. William Davies and David W. Robertson, each, after obtaining his majority, by deed duly executed and registered, conveyed all of his interest in the *locus in quo* to Mrs. Lucy H. Robertson. Thereafter, Mrs. Lucy H. Robertson conveyed all her interest in said lot to the plaintiff.

Mrs. Lucy H. Robertson is still living; she has not remarried since the death of her husband, David A. Robertson, in 1883, and she is now 75 years of age.

The prayer of the complaint is that the plaintiff be declared the absolute owner of an indefeasible fee-simple title to the *locus in quo,* free and clear from any claim, interest or estate, present or future, of the defendants, or any of them.

There being no controversy as to the facts, his Honor rendered judgment on the pleadings in favor of the plaintiff in accordance with the prayer of his complaint. The children of David W. Robertson appeal, contending that they have a contingent interest in said lot of land which would vest immediately upon the death of their father during the lifetime, or before the death, of their grandmother, Mrs. Lucy H. Robertson.

If we look only at the limitations contained in the deed, executed pursuant to the judgment of the Superior Court, directing a sale of the Hillsboro property and a reinvestment in the Greensboro property, the position of the appellants, undoubtedly has some show of merit, but it is conceded that the purpose of this deed was to preserve and to perpetuate the original trust established by the deed from Catherine R. Owen to David A. Robertson, the terms of which are fully set out in the deed conveying the Greensboro property. The rights of the parties, therefore, are to be determined by the provisions of this original deed, the complaint being sufficient, under our liberal practice, to warrant a reformation, if need be, of the latter deed, admittedly executed in furtherance of the first and only design or original trust. But no reformation would seem to be needed as the limitations incorporated therein were but the draftsman's interpretation of the trust created by the first deed, after eliminating from the second deed the name of David A. Robertson, who was dead at the time of its execution. And while this interpretation of the draftsman or the parties appears to be slightly in error, nevertheless, viewing the instrument in its entirety, a position approved in *Triplett v. Williams,* 149 N. C., 394, and *Bagwell v. Hines,* 187 N. C., 690, we think it is clear that its meaning and intent was to preserve and to carry out the one original trust and that it should be construed so as to effectuate this purpose. Such was the direction of the judgment under which it was taken.

We then come to a consideration of the limitations contained in the original deed of 26 October, 1871, from Catherine R. Owen to David A. Robertson, the latter deed, conveying the *locus in quo,* being only a continuation of the trust created by the first deed. The appellants, who are grandchildren of Mrs. Lucy H. and David A. Robertson, claim a contingent interest in the property under the third or following clause in the deed: "For the child or children of said Lucy Robertson that may survive their father or mother, or the issue of such and their heirs forever." The plaintiff, on the other hand, contends that immediately upon the death of David A. Robertson, the children of the said Lucy Robertson and David A. Robertson, who survived their father, took a vested remainder in the property, and that the deeds of said children are sufficient to convey a full and complete fee-simple title to the *locus in*

*quo.* His Honor held with their view, and rendered judgment accordingly. We think the record supports the ruling.

The appeal presents but a single question of law, and it is this: Did the contingent interests of Mrs. Lucy H. Robertson's children become vested upon the death of their father, or will such interests become vested, so far as the children are concerned, only upon their surviving their mother also? In other words, is the word "or," appearing in clause three, between the words "father" and "mother," to be construed as meaning "or" or "and"? Considering all the purposes of the trust the pertinent and explanatory facts, and the early vesting of estates, which the law favors, to the end that property may be kept in the channels of commerce (*Radford v. Rose,* 178 N. C., 288; *Hilliard v. Kearney,* 45 N. C., 221), we are of opinion that the word "or" should be held to mean "or," and not "and," in the present deed. *McDonald v. Howe,* 178 N. C., 257; *Dunn v. Hines,* 164 N. C., 113; *Galloway v. Carter,* 100 N. C., 111, and cases there cited.

It was the manifest purpose and intent of the grantor that the remainder interests of the children should become vested upon the happening of only one of the contingencies mentioned, to wit, their survival of either their father or their mother, and not necessarily their survival of both. *Springs v. Hopkins,* 171 N. C., 486; *Price v. Johnson,* 90 N. C., 592; *Biddle v. Hoyt,* 54 N. C., 160.

True, the policy of the law is to construe the disjunctive *or* copulatively, or change it to *and,* wherever it is necessary to do so in order to carry out the intention of the maker or the parties to an instrument, and for the further purpose of accelerating the vesting of estates, when this can fairly be done. But we are aware of no case where such change has been made contrary to the principle of early vesting, unless the language of the instrument impelled the interpretation. *Christopher v. Wilson,* 188 N. C., 757; *Ham v. Ham,* 168 N. C., 486, and cases there cited. The present case calls for no change of the disjunctive *or,* in clause three as mentioned above, either for the purpose of effectuating the grantor's intent or to uphold the rule which favors the early vesting of estates.

The remote possibility of further issue by a second marriage, who might fall in the class of "children of said Lucy Robertson that may survive their father or mother," need not be considered so far as the alleged interests of the appellants are concerned.

On the record, we think the judgment in favor of the plaintiff should be upheld.

Affirmed.