A. E. TATE, W. C. IDOL, W. F. CLAYTON, J. L. SPRUILL, J. W. SLATE, GEORGE F. WILSON, E. C. CRIDDLEBAUGH, AND A. T. MOFFITT, TRUSTEES OF FIRST BAPTIST CHURCH OF HIGH POINT, v. R. T. AMOS AND J. E. AMOS.

(Filed 1 May, 1929.)

**1. Wills E a—General rules for construction of wills.**

A will and codicils thereto will be considered together as one instrument and construed in their entirety to effectuate the intent of the testator as gathered from the language used.

**2. Same—Presumption against intestacy.**

A will will be construed so as to avoid intestacy when this can be reasonably done, and the word "or" will not be construed as "and" when the latter word would defeat the testator's intent under a proper interpretation of the instrument.

**3. Wills E b—Estates created by will.**

. In a devise of a certain city lot to a designated beneficiary "or to her children," the devisee having a child, to whom a devise is made under a different item of the will, the word "or" will not be construed to mean "and" when the latter interpretation would defeat the intent of the testator or have the legal effect of rendering the devise void, but will be construed to vest the fee-simple title in the mother should she survive the testator, otherwise to her child or children.

APPEAL by defendants from *Moore, J.,* at March Term, 1929, of GUILFORD. Affirmed.

The agreed statement of facts is as follows:

"1. That for sometime prior to her death, S. M. Farabee was the owner in fee simple of a tract or parcel of land, in High Point, North Carolina, more particularly described as follows:

" 'Fronting 100 feet on west side of North Main Street in the city of High Point, lying between the lines of N. W. Beeson and W. P. Pickett; thence westwardly 200 feet deep and 100 feet in the rear, being 100 feet by 200 feet and containing 20,000 square feet, more or less.'

"2. That said S. M. Farabee died on or about 20 May, 1908, leaving a last will and testament, which is set out in Exhibit 'A' and made a part of this paragraph.

"3. The said will was duly witnessed and properly executed to devise land, and is recorded in Will Book H, page 316, office of the clerk of the Superior Court of Guilford County.

"4. That at the time of the execution and probate of the will, the said Grace Darling Winend Hendrick had one living child and he is still living and has obtained his majority within the last three years; that the said child is Charley Thomas Hendrick, Jr., to whom the brick

TATE *v.* AMOS.

storehouse and lot on North Main Street, No. 301½ known as the China Laundry, was devised; that the said Charley Thomas Hendrick, Jr., has not joined in any conveyance of the land described in fact 1 of this agreement.

"5. That the lot on North Main Street, known as No. 527, occupied by said Grace Darling Winend Hendrick at the time the will aforesaid was executed and devised to said Grace Darling Winend Hendrick by last will and testament of the said S. M. Farabee aforesaid, is the same land described in fact 1 of this agreement.

"6. That on 14 May, 1912, said Grace Darling Winend Hendrick, unmarried, conveyed by deed, fee simple in form, the property described in fact 1, to Roy Skiff by deed recorded in Book 238, page 590, in the office of the register of deeds of Guilford County, North Carolina, and that the aforesaid land, by various *mesne* conveyances, fee simple in form, thereafter has come into the possession of plaintiffs in this action and is now held by them.

"7. That A. E. Tate, and others, trustees of the First Baptist Church of High Point, North Carolina, contracted to sell said lands and other property to the defendants at and for the sum of $50,025.00, and defendants agreed to purchase said land at said sum.

"8. That defendants, after making aforesaid agreements, declined to accept deed to said land and pay the purchase price thereof because, as they alleged, the title to the tract of land hereinbefore described is defective, for that said Grace Darling Winend Hendrick was not the owner in fee simple of the said property.

"9. That Grace Darling Winend Hendrick had been reared by the testator, S. M. Farabee, and at the time of said Farabee's death, was living at her home and while not an adopted child, the relations between said Farabee and said Hendrick were very close and intimate."

Mrs. S. M. Farabee, after providing for the payment of her funeral expenses and debts, the will reads in part as follows: "Then I give to my beloved sister, Martha Ann English, or to her heirs, the lot and house on North Elm Street, No. 16, that was my mother's property. To my two nephews, Alva C. and Carson N. English, I give this lot and house No. 304 North M. St., and the storehouse No. 302, to be equally divided between them, two brothers, or their heirs. And to Charley Thomas Hendrick, Jr., I give the brick storehouse and lot on North Main Street, No. 300½, known as the China Laundry, for his mother to keep for him. *To Grace Darling Winend Hendrick, I give the lot and house on North Main Street, No. 527, that she now occupies, or to her children, and all my wearing clothes and bed clothes if she wishes them.* To Daisy L. Hiatt Wall I leave one single feather bed, two pillows, two quilts, and one blanket, and two sheets."

The judgment of the court below, was as follows: "This cause coming on to be heard before his Honor, Walter E. Moore, upon facts agreed; and the court being of opinion that the plaintiffs are seized in fee of the lands described in paragraph 2 of the complaint and can convey a fee-simple title thereto to the defendants: Now, therefore, it is ordered and adjudged that the plaintiffs recover of the defendants the sum of $50,025.00 upon their delivery to the defendants of a deed for said land, fee simple in form."

*G. H. Jones, Holye & Harrison for plaintiffs.*
*Roberson, Haworth & Reese for defendants.*

CLARKSON, J. The question of law involved in this case is whether or not Grace Darling Winend Hendrick acquired a fee-simple title to the lot in controversy, under the will of S. M. Farabee, in words as follows: *"To Grace Darling Winend Hendrick I give the lot and house on North Main Street, No. 527, that she now occupies, or to her children, and all my wearing clothes and bed clothes if she wishes them."* We think so.

In *Ellington v. Trust Co.*, 196 N. C., p. 755, the law is thus stated: "The guiding star in the interpretation of wills, to which all rules must bend, unless contrary to some rule of law or public policy, is the intent of the testator, and this is to be ascertained from the four corners of the will, considering for the purpose the will and any codicil or codicils as constituting but one instrument. 28 R. C. L., 211, *et seq.*" This principle is well settled in this jurisdiction.

Appellants, defendants, contend (first) that in the construction of the will "or" means "and" and the lot in controversy would vest in Grace Darling Winend Hendrick and Charley Thomas Hendrick, Jr., as tenants in common.

This Court has uniformly held that a devise to "A." and her children, "A." having children, vests the estate to them as tenants in common. *Hunt v. Satterwhite,* 85 N. C., 73; *Silliman v. Whitaker,* 119 N. C., 89; *Lewis v. Stancil,* 154 N. C., 326; *Cullens v. Cullens,* 161 N. C., 344; *Snowden v. Snowden,* 187 N. C., 539; *Cunningham v. Worthington,* 196 N. C., 778.

The substitution of word "or" used as "and" is fully discussed in *Wood v. Wood,* 132 S. C., 120, 128 S. E., 837. See *Neal v. Nelson,* 117 N. C., 393; *Silliman v. Whitaker, supra; Christopher v. Wilson,* 188 N. C., 757; *Robertson v. Robertson,* 190 N. C., 558. In *Harrison v. Bowe,* 56 N. C., at p. 481, this observation is made: "But, say the counsel, the word 'or' must be construed 'and.' Such a change of words is admissible, certainly, when the intent of the testator will be defeated

without it; but it is never admissible unless it is necessary to carry out the manifest design of the will."

Appellants contend (second) that Grace Darling Winend Hendrick and Charley Thomas Hendrick, Jr., are both living and the devise is void for uncertainty. In *Gordon v. Ehringhaus,* 190 N. C., at p. 150, it is said: "When a person, who is capable of doing so, undertakes to make a will, the law presumes that he did not intend to die intestate as to any part of his property." *Faison v. Middleton,* 171 N. C., 170; *McCullen v. Daughtry,* 190 N. C., 215.

We do not think that either of the contentions of appellants, defendants, can be sustained.

The testatrix gave Charley Thomas Hendrick, Jr., a brick storehouse. He was the son of Grace Darling Winend Hendrick. After providing for the son, she devises the lot in controversy to Mrs. Hendrick *or to her children.* We think the principle applicable here is well stated in 1 Jarman on Wills, p. 612, as follows: "The strong tendency of the modern cases certainly is to consider the word 'or' as introducing a substituted gift in the event of the first legatee dying in the testator's lifetime; in other words, as inserted, in prospect of, and with a view to guard against, the failure of the gift by lapse."

A similar case to the present which sustains plaintiffs' contention is *Bender v. Bender,* 226 Pa. St. 607, 75 Atl., 859, 134 A. S. R., 1088.

We think the intention of Mrs. S. M. Farabee, the testatrix, gathered from the entire will, was to devise to Grace Darling Winend Hendrick a fee-simple title to the lot in controversy if she survived the testatrix. If Grace Darling Winend Hendrick died before the testatrix, then the lot in controversy would vest in her child or children in fee simple. She survived the testatrix. This being our interpretation; plaintiffs, who claim under Mrs. Hendrick, acquired a fee-simple title to the lot in controversy. The judgment of the court below is

Affirmed.