GASTON COUNTY UNITED DRY FORCES, INCORPORATED, v. J. A. WILKINS AND R. B. BABINGTON, JR., EXECUTORS OF THE ESTATE OF E. G. McLURD.

(Filed 28 April, 1937.)

1. **Wills § 43—**

A will speaks at the time of the death of testator, and if at that time there is no organization or entity answering the description and capable of taking the bequest, the bequest is void, even though a corporation is thereafter formed conforming to the description.

2. **Wills § 33d—Absolute bequest without restriction or control over the beneficiary constitutes gift and does not create trust.**

A bequest to "any organization which may be organized for the purpose of enforcing the prohibition laws" of the county may not be upheld as a trust so as to enable a corporation formed for the stipulated purpose after the death of the testator to take, since the bequest purports to vest sole ownership in the legatee without restriction, and consitutes an absolute gift rather than a trust.

APPEAL by plaintiff from *Pless, J.,* at September Term, 1936, of GASTON. Affirmed.

Action to recover a legacy under the will of E. G. McLurd, deceased, heard upon agreed statement of facts.

The facts agreed were substantially these: The testator died 24 November, 1933, leaving a will, which contained the following bequest: "$1,000 to any organization which may be organized for the purpose of enforcing the prohibition laws in Gaston County." On 1 January, 1936, the defendants, executors, instituted action in the Superior Court of Gaston County for the purpose of obtaining the advice of the court with respect to the quoted bequest. This action, to which the residuary legatees were made parties, resulted in a judgment by Harding, J., that the legacy of $1,000 was void for uncertainty as to the devisee and as to

the purpose of the bequest, and in the judgment was recited the further finding that at the time of the death of the testator there was no organization in existence capable of receiving such a devise, and no organization at that time fulfilling the description of the beneficiary of the bequest. Thereafter, on 29 February, 1936, a charter was applied for and issued, creating an ordinary corporation in the name of "Gaston County United Dry Forces, Incorporated," with authorized capital stock of 20,000 shares of par value of $1.00 each, showing subscription by the incorporators for four shares of stock. On 6 March, 1936, this action to recover the legacy of $1,000 was instituted. Among the objects and purposes of the plaintiff corporation, set out in the charter, were the following: "To promote and encourage the lawful enforcement, and to lawfully enforce and to aid and assist in enforcing by lawful means and measures the prohibition laws of North Carolina now in force in the State and Gaston County." The corporation was authorized to receive bequests and devises for the purposes of the corporation. The estate of the testator has not yet been fully administered.

The court below held that the plaintiff was not entitled to recover under the facts agreed, and rendered judgment accordingly. Plaintiff appealed.

*A. C. Jones* for plaintiff, appellant.
*J. A. Wilkins* and *Cherry & Hollowell* for defendants, appellees.

DEVIN, J., after stating the case: The question presented for decision is whether the bequest of "$1,000 to any organization which may be organized for the purpose of enforcing the prohibition laws in Gaston County" is capable of adjudication as a valid testamentary disposition, entitling the plaintiff to recover the legacy.

A will speaks from the death of the testator. At the time of the death of E. G. McLurd there was in existence no organization or entity answering the description in the bequest capable of taking. While the bequest seemed to contemplate an organization to be thereafter formed, it was an absolute bequest and did not purport to create a trust for a charitable purpose. For the validity of the bequest there must be a definite beneficiary. 68 C. J., 505, 528; 28 R. C. L., 332; *Bridges v. Pleasants,* 39 N. C., 26; *St. James v. Bagley,* 138 N. C., 384; *McLeod v. Jones,* 159 N. C., 74; *Thomas v. Clay,* 187 N. C., 778; *Early v. Arnold,* 119 Va., 500.

In *Hester v. Hester,* 37 N. C., 330, a legacy "to some promising young man of good talents, of the Baptist order, to be selected by the executor," was held void for indefiniteness. The Court said: "There is no person

who can claim it." "The gift must be to such person, natural or artificial, as can legally take." *Bridges v. Pleasants, supra.*

In *Keith v. Scales,* 124 N. C., 497, where a charitable trust was upheld, it was said: "If the object of the trust were indefinite, it would be void; otherwise where, as in this case, it is definite and the selection of the individuals to enjoy its benefit is left to trustees."

The bequest to "any organization" was to an indefinite and nonexistent legatee, and was void for uncertainty. If regarded as the creation of a trust for a charitable or benevolent purpose, it is not one over which the court could assume jurisdiction or control, and for that reason must fail. As was said by *Gaston, J.,* in *Holland v. Peck,* 37 N. C., 255, "that can never be a trust which leaves anywhere an uncontrolled power of disposition." In *McAuley v. Wilson,* 16 N. C., 276, *Chief Justice Henderson* uses this language: "The validity of the devise depends on whether the devisees are accountable to anyone for the execution of the trust; for if they are not, it is void."

A bequest to an organization which may be organized to enforce the prohibition laws would seem to infringe upon the duty of the constituted authorities. But if it be understood that the purpose of the attempted bequest was to encourage and assist law enforcement, the bequest was a direct donation to an uncertain and nonexistent donee, and, even if it be held to have referred to the later ascertained and subsequently incorporated plaintiff, it was an unqualified gift without restriction upon or control over the devisee. It would not constitute a trust (*St. James v. Bagley, supra*), but vest ownership, if there had been one designated with sufficient certainty, capable of taking.

The motives of the incorporators of the plaintiff are in no way impugned. They were doubtless actuated by the worthy desire to use the fund designated in the will for the purpose of advancing a cause believed to be for the public good.

While the prior judgment of Judge Harding may not constitute an estoppel so far as the plaintiff is concerned, it is persuasive that, before the plaintiff came into being, the bequest was adjudged in a proper proceeding void for uncertainty and for want of a devisee.

For the reasons stated, we conclude that the bequest contained in the will of E. G. McLurd cannot avail the plaintiff, and that the judgment of the court below must be

Affirmed.