SAINT MARY'S SCHOOL AND JUNIOR COLLEGE, INC., v. ROBERT W. WINSTON, JR.

(Filed 4 May, 1949.)

**1. Wills § 12—**

A will expressly declaring void all other wills left by testatrix revokes a prior codicil as well as any will such codicil was intended to modify, explain or supplement.

**2. Wills § 33d—**

Where the instrument fails to name a beneficiary, the asserted trust would be void for uncertainty.

**3. Wills §§ 32, 33a—**

The will in suit bequeathed and devised all the residue of the estate, including the land in controversy, to B. for life, and then appointed B. and another executor to execute the will "as I know they will carry out my wishes," the executors "to take entire charge of my estate." *Held:* The executors were to take solely for the purpose of carrying out the wishes of testatrix, and no beneficial interest in remainder was devised to them personally, and B. takes a life estate only, with the remainder undisposed of.

**4. Wills § 33a: Executors and Administrators § 20—**

Where a will charges the executors with carrying out the wishes of testatrix, but the wishes of testatrix are not expressed within the "four corners" of the instrument, a deed executed by the executors to an

eleemosynary corporation purporting to effectuate the known wishes of testatrix, is ineffectual.

APPEAL by plaintiff from *Stevens, J.,* at February Term, 1949, of WAKE.

This is an action for specific performance.

The defendant entered into a written agreement with the plaintiff, on 17 November, 1948, under the terms of which the defendant agreed to purchase from the plaintiff the land described in the complaint upon the delivery of a warranty deed conveying to him a good, indefeasible fee simple title to the property. The plaintiff tendered to the defendant a warranty deed, on 2 December, 1948, purporting to convey to him such a title. He refused to accept the tendered deed, contending the plaintiff does not own anything more than an estate *pur autre vie* in the property.

On 9 July, 1931, Eliza A. Pool, owner of the land involved herein, executed a last will and testament, in which she made a number of bequests and a devise in Item Twelve thereof, which reads as follows: "I give and bequeath all the residue of my property to Bessie T. Brown to use during her life time and I hereby appoint Bessie T. Brown and Willis G. Briggs my lawful executors to all intents and purposes to execute this my last Will and Testament as I know they will carry out my wishes. They are to give no bond but take entire charge of all my estate. I leave a list of small articles to be given to a few of my friends. All other Wills left by me I declare null and void."

After the death of the testatrix, on 25 November, 1935, the will and the following codicils, or purported codicils, were duly probated in common form:

"June 1st, 1932. My property has depreciated so much that I cannot leave any money to any one except Bessie T. Brown and Sarah Grandy Briggs. E. A. Pool."

"June 5, 1928. I have talked with Bessie Brown and she knows how I wish my money to be used and the charitable institutions that will get it. The relatives and friends will understand this and be glad I've arranged it to save them trouble. If my little property were divided equally among dear friends and relatives no one would get enough to do any good but left together it will help some boys and girls and also the sick and helpless. If Bessie should need it she can use it in case of sickness or loss. She and Willis I know will carry out my wishes. The money I've left to St. Agnes Hospital is to go to the endowment fund. Eliza A. Pool."

Believing that it was the desire and intent of Eliza A. Pool that upon the death of Bessie T. Brown, the plaintiff should receive and own the property, or so much thereof as remained undisposed of at the death of

Bessie T. Brown, and that said property or the proceeds from the sale thereof should become a part of the endowment fund of Saint Mary's School and Junior College, Inc., Bessie T. Brown (unmarried), individually, and Bessie T. Brown and Willis G. Briggs, as executors under the will of Eliza A. Pool, deceased, executed a deed to the plaintiff for the property involved herein, on 7 February, 1946, which deed was duly filed for registration in the office of the Register of Deeds for Wake County, N. C., 11 February, 1946. It is stated in this deed that it is made pursuant to and "in execution of the powers and authority vested under the said will and the part thereof probated and recorded in the office of the Clerk of the Superior Court of Wake County, in Book of Wills 'M,' page 242, and in accordance with the known wishes and intentions of said Eliza A. Pool and so expressed by her."

The court below heard this cause by consent, without the intervention of a jury, and held that the plaintiff cannot convey to the defendant a good, indefeasible, and marketable fee simple title to said real estate, and entered judgment accordingly.

Plaintiff appeals and assigns error.

*Joseph B. Cheshire and Joseph B. Cheshire, Jr., for plaintiff.*
*Howard E. Manning for defendant.*

DENNY, J. It is disclosed by the record herein, that the purported codicil to the will of Eliza A. Pool, dated 5 June, 1928, was not probated until sometime after the original will, dated 9 July, 1931, and the codicil, dated 1 June, 1932, had been probated. It will also be noted that the will of Eliza A. Pool, executed 9 July, 1931, contains the following provision: "All other Wills left by me I declare null and void." Therefore, this purported codicil, executed 5 June, 1928, as well as any will it was intended to modify, explain or supplement, was declared to be null and void by the testatrix.

Consequently, the kind of estate which the plaintiff owns in the property involved herein must be determined by the provisions contained in Item Twelve of the last will and testament of Eliza A. Pool. Are these provisions sufficient to vest in Bessie T. Brown, individually, or in Bessie T. Brown and Willis G. Briggs, as executors of said will, title to the property in fee simple? We do not think so.

It must be conceded the provisions under consideration are not sufficient to create a trust, but, if they were sufficient, since no beneficiary is named, the trust would be void for uncertainty. *Thomas v. Clay,* 187 N. C. 778, 122 S.E. 852; *Dry Forces, Inc., v. Wilkins,* 211 N. C. 560, 191 S.E. 8; *Woodcock v. Trust Co.,* 214 N.C. 224, 199 S.E. 20.

The appellant contends, however, that since it is a general rule to construe a residuary clause so as to prevent intestacy as to any part of the testator's estate, unless there is an apparent intention to the contrary expressed therein, *Faison v. Middleton,* 171 N.C. 170, 88 S.E. 141; *Crouse v. Barham,* 174 N.C. 460, 93 S.E. 979; *McCullen v. Daughtry,* 190 N.C. 215, 129 S.E. 611; *Tate v. Amos,* 197 N.C. 159, 147 S.E. 809; *Case v. Biberstein,* 207 N.C. 514, 177 S.E. 802; *Rigsbee v. Rigsbee,* 215 N.C. 757, 3 S.E. 2d 331; *Ferguson v. Ferguson,* 225 N.C. 375, 35 S. E. 2d 231; *Jones v. Jones,* 227 N.C. 424, 42 S.E. 2d 620, the provisions in the residuary clause of the last will and testament of Eliza A. Pool are sufficient, under the decision in the case of *Ralston v. Telfair,* 17 N.C. 255, to vest in the executors of her will a fee simple title to all her real estate, subject to the life estate of Bessie T. Brown. It is not contended in appellant's brief that the title vested in them in trust for some unnamed beneficiary, or beneficiaries, or the next of kin, but that the executors took beneficially for themselves.

We do not think the provisions under consideration on this appeal are sufficiently similar to those construed in the *Ralston case* to make that decision controlling in the instant case. Here Eliza A. Pool made her devise and appointed her executors in the following language: "I give all the residue of my property to Bessie T. Brown to use during her lifetime and I hereby appoint Bessie T. Brown and Willis G. Briggs my lawful executors to all intents and purposes to execute this my last Will and Testament as I know they will carry out my wishes. They are to give no bond but take entire charge of all my estate." Certainly there is nothing in the foregoing language to indicate that in carrying out her wishes, the executors were to do anything more than carry out her wishes, which were expressed in her will. The further provision to the effect that no bond was to be given, but that the executors would take entire charge of all her estate, is not sufficient to constitute a devise in fee simple, to the executors.

In the *Ralston case,* the pertinent parts of the testator's will read as follows: "It is my will and desire, that my notes and bond amounting to between eight and ten thousand dollars, should remain in the custody of Churchwell Perkins, who has them now in possession, and that he should collect them as speedily as possible, and to pay the debts, and the remainder to be paid to the executors, to dispose of as they may think fit. It is my will, that the remainder of my property should be disposed of as my executors think proper." In an action against the executors by one who alleged himself to be Ralston's next of kin, the court held the executors took the fee "beneficially for themselves," and that they did not hold the property as trustees for the next of kin.

It is stated in the deed from the executors and Bessie T. Brown, individually, to the plaintiff, that the deed is made "in accordance with the known wishes and instructions of said Eliza A. Pool, and so expressed by her." .Conceding this to be true, we can find no such "wishes and intentions" expressed by her within the "four corners" of her will. *Weaver v. Kirby,* 186 N.C. 387, 119 S.E. 564; *Thomas v. Clay, supra; Trust Co. v. Cowan,* 208 N.C. 236, 190 S.E. 87.

Since Eliza A. Pool devised to Bessie T. Brown a life estate only in the residue of her property, and failed to dispose of the remainder, we hold the conveyance from Bessie T. Brown, individually, and Bessie T. Brown and Willis G. Briggs, as executors of the last will and testament of Eliza A. Pool, conveyed nothing more than the life estate of Bessie T. Brown. Therefore, the plaintiff only holds an estate *pur autre vie* in the property.

The judgment of the court below is

Affirmed.