By the Court
 

 Some aid in discovering the intention of the testator may be derived from a consideration of the state of Ms family, and the kind and extent of the property he owned at the time of making Ms will.
 
 *
 
 His family consisted of his wife
 
 only;
 
 and it cannot be presumed that he had any other property than that specified in Ms will, wliich consisted only of Ms plantation, household furniture, stock and wearing apparel, together with five slaves. Indeed it is almost certain that this constituted the whole of his
 
 estate;
 
 because he directs that in the event of Ms not leaving money enough to pay his debts, such part of Ms personal estate should be sold for that purpose as his wife could best spare.
 

 A man so situate would naturally desire to make a competent provision for Ms wife during her life, and to bestow some present token of his regard upon those who weie nearest to him in blood, with the prospect of an accession to it upon the death of his wife. But if he thought it probable that Ms wife wras then
 
 ensient,
 
 the natural affection of a parent would prompt Mm to make a provision for his future offspring,* and, from afortune so small, would as naturally restrain him from making a deduction in favor of Ms collateral kindred. If this intention can be fairly collected from the will, it is our duty to give effect to it, though it may not be expressed in legal and technical words.
 

 
 *31
 
 In the first clause of Ms will, the testator lends to his wife during her life, his plantation, furniture, stock, and three out of five of his
 
 slaves;
 
 and the second clause provides, that if she should be then pregnant with one or more children, such child or children shall be raised and cducat-ed by his wife, out of the income of the property left to her,
 
 as well as all other property he dies possessed of:
 
 if the child or children should marry or arrive at age in his wife’s lifetime, the one so marrying shall have an espial share of all his negroes and their increase, as well as all his other property, except the land left to his wife. In the event of the child or children dying before marriage or arrival at age, then the property devolves upon the wife as directed in the first clause. The third clause directs that all the property left to Ms wife, as well as all she should inherit from his estate, after her death shall be inherited by his child or children, or for want of such heirs, as hereafter mentioned. By the fourth clause, he gives the land left to his wife, to Ms niece, Sarah Williams, after the death of his wife : And the residue of what he had given to his wife, he directs to be equally divided between his brother’s two daughters. Then follow the fifth and sixth clauses, under which the complainants claim the slaves, Esther and Harry, and the silver watch. If we apply to the will the ordinary rules of construction, it is plain that the intent of the testator was to confine his bounty to Ms wife and children, if she should have any, to the exclusion of his brother and nieces. This was his primary intention; and it was only upon a state of circumstances which has not happened, that he meant to make any provision for the Plaintiffs. Every part of a will is to be considered in its construction, and no words ought to be rejected, if any meaning can be possibly put upon them. Every string should give its sound.
 
 *
 
 The child or children are to be raised and educated by his wife out of the income of the property left to her, as well as all the property he dies possessed of. The whole of Ms
 
 *32
 
 property must, therefore, have been retained for that pur-i)0se
 
 ’
 
 which is inconsistent with the immediate bequest of any part of it to his nieces. The child marrying or arriv-™S’ aS’e ™ his wife’s life-time, shall have an equal share 0f all his negroes, as well as all his other property, except the land left to the wife. This must signify a child’s part of all his property, including that claimed by the complainants. But the third clause is strongly impressed with the intention, and is calculated to remove all doubt $ for by that he gives to his child or children all that he had given to his wife, or all that she should inherit from his estate. Now he had given her part, and directed her to retain the whole for the purpose of raising his child | or to use his own expression, “ all the property I die possessed of.” The property he had given to her, and that which she should inherit from his estate, (by wldch inaccurate expression, he meant all the rest which was to be retained by her) he gives to his child upon her death. Desirous to make his meaning still plainer, he concludes this clause with the words, “
 
 or for want of such heirs as hereafter
 
 mentioned.” These words run through and govern every succeeding clause in the will, by which the same property is disposed
 
 of;
 
 none of which were intended to be effectual in the. event which has occurred, namely the birth of a posthumous child. The opposite construction creates an unaccountable repugnance between different parts of the will, and tends to defeat the only child of ti¡e testator of a considerable
 
 proportion
 
 of his little
 
 all;
 
 which his father so anxiouslyendea-vored to secure to him.
 

 *
 

 1, P. Wins. 286.-4 Bro. R. 441.
 

 *
 

 2 Burr,
 
 770. 2 F. Wms.
 
 282.