XtuiTiN, Chief Justice.
 

 The cause being set down for hearing upon the hill and answers, and the mistake in drawing the will, not being admitted in the answer *"c !iex^ ^in, v,,b° alone could effectually admit it, the allegations of the bill upon that subject must be de-ciar°d n0'1: to bo established, and the case must be decided upon the construction of the will as written. The i-'0111’* however, wot()d not he understood as intimating
 
 *350
 
 an opinion, that it would have been otherwise, if the mistake had appeared upon evidence, or even by the answer. It is intended, as the questions of the admissibility of proofs, and of their effect do not arise in the case, to leave them altogether unaffected by the decision.
 

 In the court of equity it was declared that the proceeds of the slaves of the testatrix, devolve upon her next of kin, as being undisposed of by the will, From that decree the trustees of the religious societies, to which the charitable bequests are made, appealed; and the only question made here is, whether the decree in that respect is right. I fully concur in the opinion delivered by the judge. I should think with him, if the whole depended on the first clause of the will alone. It is true the testatrix set out by declaring that she intends to dispose of “ what worldly estate it had pleased God to bless her with,” and next says £<it is my will,
 
 that all my properly,
 
 &c. shall be sold at public sale, and the money arising therefrom disposed of as follows :” which is sufficient, unless qualified by something else, to carry every tiling. But here, after those general words “all my property,” follow “consisting of lands, stock of every kind, household and kitchen furniture, wagon and farming tools :” which, I think, do qualify the force of the preceding larger terms, and con-iine the bequest to the.subjects particularly denominated. Doubtless there may be cases in which a subsequent enumeration would not be held to be restrictive of the general words, if I give “all my property and estate, my lands, my slaves, my money on hand and due on bonds,” stock in funds or in hanks, or money due on account might pass. The superadded particulars would, be rather cumulative than restrictivo, and evince that those things were known by the testator to he of the estate, and were intended to be disposed' of; but it would not shew that those things alone were in his contemplation. The legacy would not he confined to the particulars enumerated, because not restricted to them in terms; but the enumeration would rather he considered as defective in itself, and things
 
 ejusdem generis
 
 might
 
 *351
 
 paSs under the broader terms.. But when the term used does not convey the idea, that the testator is endeavor-jng (0 je^ pe understood what kind of things he intends to give, but emphatically to express what things he is giving, the general expressions must be controlled by the particulars, and the bequest confined to the very things specified. Here, “all my property” is controlled by “consisting.” It is not “all the property” absolutely; but all that “consisting of,” or
 
 -which consists of
 
 land, stock, &c. It is not a defective enumeration of the things intended to be given, but is a precise description of the specific things given, and of all of them. Suppose there had been money or bonds in this case.— Nobody would have surmised that they were intended to pass as a part of “all my property;” especially when it is recollected that besides the restriction on those words, created by “consisting of” certain particulars, amongst which are not money or debts, there is a provision in the clause, that the property thereby given is to be sold at public sale, which is altogether inapplicable to money, whether due or in hand. If then, one thing, not of the articles enumerated, would not, by reason of the restriction pass by this bequest, how can any other thing not thus specified pass? The restrictive ef-feet of “ consisting,” in context with “ estate,” or “ property,” principally produced the decision in
 
 Doe
 
 v
 
 Hyman, (ante
 
 1
 
 vol.
 
 382,) and in the case cited therein by Chief-Justice Tatxor, of
 
 Timewell
 
 v
 
 Perkins,
 
 (2
 
 Atk.
 
 102.)
 

 The case of i)oe
 
 Hyman,
 
 382,) approved^’
 

 But whatever doubt might rest on that clause, standing by itself, it is removed by the subsequent one, which relates to the negroes specially. From that, it is clear they were not intended to pass by the first, because they are directed to be disposed of by private sale — a manner different from that of the articles enumerated in the first. This difference being in the contemplation of the testatrix, she must be considered as purposely withholding them from the former provision for the sale of the latter. Although she afterwards makes no actual disposition of the proceeds, that does not bring those proceeds again
 
 *352
 
 within the operation of the.clause, from which they had been designedly excluded. .
 

 A direction to sell specific property “ and the money thence arising to be disposed of’ in the payment of debts and legacies, makes the latter a charge upon the sales; -
 

 Another question is. made in this Court : whether the debts and funeral expenses of the testatrix,and the legacies. of §50 each to her mother and sister, are to be paid out of the surplus,or outof the.fund in which the churches have an interest. In our. opinion tli.e. latter is the proper construction. The general rule is, that.fheresi-due even when bequeathed is the primary fund for such purposes,^although there be a charge upon another part of the. estate. This however is not a question upon the effect of a charge; but rather what is given to each legatee, and out of what fund payable. The penning of-this,. will is very particular. After turning the whole estate, except the negroes, into money, by directing a sale, come these words, “the money thence arising to be disposed of as. follows, to wit, all my debts aud funeral ex- . penses paid; then to each §50, and all the balance, thatl it go” to the Churches. This is a precise division.apd appropriation of the whole fund, and determines the interest of tiie Churches to he what remains of it, after paying out of this very fund tiie preferred demands. If this fund liad failed, the legacies to the mother and sister woiihl have failed also ; for they are payable out of it. “The money
 
 thence arising”
 
 is tp.pay. them. It. is. true, that could not bind creditors ¿ but the question is as to the intention; and that is what, we are to,consider in determining the legacies in charity. The balance is given; of what ? Of the money arising from the sale, out of which liad before been given a sum to pay debts and legacies. These are first given out of this particular fund ami the balance, as the balancq,after answering the other purposes, is given to the Churches.
 

 The charges of administration arc to.be paid out of the residue; hut the debts, funeral expenses,and the two legacies of §50 each, must, according to the. express words of the will, be paid out of the proceeds of the sale of the other parts of the estate, as mentioned in the first clause, and the decree reformed accordingly.
 

 Per Curiam. — Decree affirmed.