Gaston, Judge,
 

 after stating the facts as above set forth, proceeded as follows: — It is proper to remark, that the will of the elder Satterwhite was made and proved before our act of 1827, (ch. 7th,) on the subject of contingent limitations, went into operation.
 
 *
 

 No question has been made here upon the seeming repug'nance between the particular disposition made by the testator of the negro Liney, in the clause above recited, and the universal disposition of his property after the death of his wife to all his children. None such could with propriety have been taken, for as it is the duty of the Court to reconcile the various dispositions in a will, wherever it can be done, the latter and general bequest must be understood as impliedly subject to the former and special bequest of this property.
 

 It is apparent, that but for the words limiting the negro Liney, in the event of John Green Rice dying “ without an heir,” his estate must be regarded as an absolute one. The gift of a chattel by will is the gift of the testator’s entire interest therein, unless a different intent is expressed or can be implied from the will. The question presents itself, whether this limitation over has the effect of making the gift a defeasible or modified gift. It is clear, that John Green Rice could not die “ without an heir,” in the
 
 *71
 
 legal sense of that word, while his uncles and aunts or any of their descendants remained in being. The word “ heir,” must then be understood in some other than its legal sense, and the most obvious one is issue. -It is a question of construction, whether this dying without issue imports a failure of issue at any determinate time, or a failure of issue at any time. If the latter be the true construction, the limitation over is too remote, and therefore void. If the former, then the limitation may. be good, provided that the contingency be such, as if it happen at all, must occur within a life or lives in being, and twenty-one years and a few months thereafter. Now it has been settled by innumerable cases, which cannot be departed from, without doing violence to the law, that expressions referring to a dying without issue, unless explained by the context, do import a general indefinite failure of issue, that is, a failure of issue at any period. We can discover nothing in the context to change the legal meaning of these expressions. There is no room for supposing that the contingency contemplated was the legatee’s
 
 dying under twenty-one years of age,
 
 for it qualifies the gift to him, and not its retention in the hands of the executors, during his-minority. It has been insisted, that the context shows, that the testator meant to tie up the failure of issue to the moment of the legatee’s death, and that the legatee shall keep the negro, if he has
 
 issue surviving him,
 
 and not otherwise. We must have something in the will sufficiently explicit to warrant the interpretation, or we dare not make it. To die
 
 “
 
 without an heir,” is equivalent to dying without heirs. In
 
 Matthews
 
 v.
 
 Daniel,
 
 1 Mur. 42, the phrase,
 
 “
 
 if she shall depart this life without heir lawfully begotten of her body,” and in
 
 Bryant
 
 v.
 
 Deberry,
 
 2 Hay. 356, the phrase “if no heir,” and in
 
 Bailey
 
 v.
 
 Davis,
 
 2 Hawks, 108, the phrase “ shall die without lawful heir,” were all construed . . . .
 
 r
 
 M . to import an indefinite failure of issue; The expressions to “ return to my family, and to be equally divided amongst the rest of my children,” leave the time when Liney and her issue are thus to return and to be divided, as indefinite as the dying without issue. This is to be done whenever that failure shall occur,"whether at the death of
 
 *72
 
 the legatee, or at any subsequent period. In the case of
 
 Reily
 
 v.
 
 Fowler,
 
 3 Bro. P. Ca. 299, it is supposed to have been decided, that words importing that on the death without issue, the property was to
 
 return to the executors, to he by them distributed,
 
 tied up the contingency to the lives of the executors, because they implied a personal trust, to be executed by the executors. This case, and the ground to which it was referred, have met the decided disapprobation of a great chancellor. See
 
 Bigge
 
 v.
 
 Bensley,
 
 1 Bro. Ch. Ca. 187. But however that may be, the decision cannot affect the question here. In the case under consideration, there is no personal trust. The property is limited over to the testator’s family, which he explains to be his children, and if the limitation were good, the interest is a transmissible one, and would pass to and vest in the representatives of these children, whenever the contingency should happen.
 

 
 *71
 
 The cases l Murph. 42,
 
 Deberry,'%
 
 Hay. 356, and
 
 Bailey
 
 v. Davis,
 
 2
 
 ® gW^’ proved.
 

 
 *72
 
 The plaintiff is entitled to the declaration which he prays for, and a decree should be made accordingly.
 

 Per Curiam. Decree accordingly.
 

 *
 

 By this act, all contingent limitations made to depend upon the dying of any person “ without heirs, or heirs of the body, or without issue, or issue of the body, &c., shall be held and interpreted to be a limitation to take effect when such person shall die not having such heir, &c. living at the time of his death, or born to him within ten months thereafter ; unless the intention of such limitation be otherwise expressly and plainly declared on the face of the deed or will creating it."