MAMIE W. GOODE AND HER HUSBAND, GEORGE GOODE, v. AGNES GOODE HEARNE AND HER HUSBAND, WESLEY HEARNE, ET AL.

(Filed 1 December, 1920.)

1. **Wills—Interpretation—Intent.**

   A will should be interpreted from the language in the instrument as a whole, to ascertain and enforce the intention of the testator, when not in violation of law; and in determining upon this intent each and every part thereof will be given significance, and apparent inconsistencies will be harmonized when it can reasonably be done by fair and reasonable interpretation, giving its language its natural and customary meaning unless it clearly appears that some other permissible meaning is intended.

2. **Same—Ambiguity—Estates—Defeasible Fee—Early Vesting of Estates.**

   Where a defeasible fee in an estate is devised, and no definite time fixed for it to become absolute, the time of the testator's death will be adopted in the interpretation of the testator's intent as expressed in the will, unless it appears from the terms thereof that some intervening time is indicated between such death and that of the first taker; and in case of ambiguity, the courts are inclined to regard the first taker as the primary object of the testator's bounty, and will lean to the interpretation that tends to promote the early vesting of estates.

3. **Same—Statutes.**

   A devise in fee simple to the testator's two named children and her daughter-in-law of all of "my real estate," equally, and to the children of the daughter-in-law by her husband, the testator's son, the share of their mother's estate "in the event of her death"; and in a subsequent item a provision that the remainder of all other property, real and personal, shall be equally divided between these beneficiaries, and if the children of testator's daughter-in-law survive their mother, "they shall inherit her share of my property as provided in" the preceding item: *Held,* it was the intent of the testator that the estate devised to the daughter-in-law should vest in her if living at the time of the death of testator, under the first item of the will, which is further shown by the expressions in

the later clause, indicating that the grandchildren should inherit directly from the testator in the event their mother should predecease her. Rev., 1581.

CIVIL ACTION, heard on the pleadings and the admissions contained therein before *Bryson, J.,* at October Term, 1920, of MECKLENBURG.

From the pertinent facts so presented it appears that J. M. Goode died in Mecklenburg County on 10 December, 1918, having duly executed his last will and testament, disposing of his realty, a valuable house and lot in the city of Charlotte, and also his personal estate, and leaving him surviving three children, to wit, George Goode, intermarried with Mamie W. Goode, coplaintiff, and Agnes Goode Hearne, wife of Wesley Hearne, and Mamie G. Morris, parties defendant. That Mamie W. Goode, a devisee under said will, and her husband, George, as coplaintiff, have instituted the present action against Agnes Hearne and her husband, Mamie G. Morris, and four minors, Evelyn Clarke Goode, and the children of George and M. W. Goode, duly represented by guardian *ad litem,* alleging that these minors, without just right, are claiming a proprietary interest under said will which constitutes a cloud on the title and interest of plaintiff, Mamie W. Goode, as owner of one-third of the realty devised in item two of said will. The complaint also contains proper and adequate averment looking to a sale of said land for division among the true owners.

The court below being of opinion that the plaintiff, Mamie W. Goode, was the owner of one-third interest in the realty, the subject of this litigation, and that the minor defendants had no interest therein, entered judgment against said minors; and further, that the property be sold at the end of two years according to the closing paragraph of the will. The guardian *ad litem* excepted and appealed from the judgment against the infants, there being no objection as to the method and time of sale.

*E. R. Preston and Frank H. Kennedy for plaintiffs.*

*Clarkson, Taliaferro & Clarkson for guardian ad litem of minor defendants et al.*

*Pharr, Bell & Sparrow for defendants Agnes Goode Hearne and Mamie G. Morris.*

HOKE, J. The will of J. M. Goode, upon which the rights of these parties depend, has been duly proven and recorded, and is in terms as follows:

"Know all men by these presents, that I, J. M. Goode, being of sound mind and memory, but realizing the uncertainty of life and the certainty of death, and hereby revoking all former wills by me made, do make and ordain this my last will and testament in form and substance as

follows: My executor hereinafter named shall give my body decent burial, pay all my just debts, and collect all money belonging to my estate.

"2. I give and devise in fee simple to my two daughters, Mamie G. Morris and Agnes Hearne, and to my daughter-in-law, Mamie W. Goode, the wife of George W. Goode, share and share alike, all my real estate wherever situated, and it is my will that the children of my daughter-in-law, Mamie W. Goode, by her husband, George W. Goode, shall, in the event of their mother's death, inherit her share of the estate.

"3. I give and bequeath all my household and kitchen furniture to Mamie G. Morris and Agnes Hearne.

"4. It is my will that all the rest and remainder of my property, real, personal, or mixed, including all cash money, be equally divided between my two daughters, Mamie G. Morris and Agnes Hearne, and my daughter-in-law, Mamie W. Goode, and that if they, the children of my daughter-in-law, survive her, they shall inherit her share of my said property, as provided in section 2 of this my last will and testament.

"5. My city property not to be sold in two years from the date of my death.                     (Signed)    J. M. GOODE."

It is the approved position here and elsewhere, in the construction of wills, that unless in violation of law the intent of the testator, as expressed in the will, shall prevail, and in ascertaining this intent the entire will shall be considered, giving to each and every part significance and harmonizing apparent inconsistencies where this can be done by fair and reasonable interpretation, and that the language of the instrument shall be given its natural and customary meaning unless it clearly appears that some other permissible meaning is intended. The decided cases with us are to the effect also that where a defeasible estate is conferred by will with no definite time fixed for the same to become absolute, the time of the testator's death will be adopted unless it appears from the terms of the will that some intervening time is indicated between such death and that of the first taker, and further, in determining this matter and in case of ambiguity, the courts are inclined to regard the first taker as the primary object of the testator's bounty, and will lean to the interpretation that tends to promote the early vesting of estates. In the comparatively recent case of *Bank v. Murray,* 175 N. C., pp. 62-65, some of the rulings referred to are stated as follows:

"Subject to the position that the intent and purpose of the testator as expressed in his will shall always prevail except when the same is in violation of law, it is a recognized rule of interpretation with us that when an estate by will is limited over on a contingency and no time is fixed for the contingency to occur, the time of the testator's death will

be adopted unless it appears from the terms of the will that some inter-
vening time is indicated between such death and that of the first taker,
and to the same general effect are *Whitfield v. Douglas,* 175 N. C., 46;
*Bell v. Keesler,* 175 N. C., 526; *Bank v. Johnson,* 168 N. C., 304; *Dunn
v. Hines,* 164 N. C., 113; *Galloway v. Carter,* 100 N. C., 111; *Price v.
Johnson,* 90 N. C., 593, and other numerous cases.   Considering the
terms of the will in view of these authorities and the rules of interpreta-
tion· they approve and illustrate, in the second clause of the will, being
the one more directly applicable to the real estate, the plaintiff, Mamie
W. Goode, daughter-in-law, and the testator's two daughters, in express
terms are given the real estate 'in fee simple, share and share alike,'
and the will, then, provides that in the event of the mother's death the
·children of the daughter-in-law by the son shall inherit their mother's
share of the testator's estate."   No time being fixed when the contin-
gency is to occur, and adopting the death of the testator as the time the
estate devised to the mother, she being then alive,· became absolute at
·that date, and the children have no further proprietary interest—a posi-
tion that is not only in accord with the authorities cited and others of
like kind, but in our opinion is fully confirmed by the language of the
limitation itself, which clearly contemplates that these children, if they
come into the ownership of the property at all under the will, shall do
·so as inheritors from the testator.   In the fourth clause, disposing of
the personal and other property, after bequeathing the same. to the
·daughter-in-law and the two daughters, there is language in the limita-
tion which might justify the interpretation that the mother took a life
interest with remainder to the children, the terms being that if these
·children "survive the mother, they shall inherit her share of the estate,"
but as applied to provisions in section 2 of the will, such an interpreta-
tion would not only be to ignore the positive devise of a fee simple,
appearing in that section, but is in contravention to the last clause of
this section 4, to the effect that if these children survive their mother
·"they shall inherit her share of my said property, *as provided in section 2*
·of this my last will and testament."   The testator here, by express
declaration, makes this clause two the controlling provision, and the
limitation over, "if the children survive the mother," by correct con-
struction refers to a survival by death occurring during the life of the
testator.   In estates of this kind, where the devise over is on the death
·of ·the first taker without "heir or heirs of the body, or without issue or
issues of the body," etc., a statute, with us, Rev., 1581, provides that such
·a limitation shall be held and construed to take effect when such a person
shall die, not having such heir or issue, etc., living at the time of his
·death, or born within ten luna months thereafter, unless the intention
be otherwise and expressly and plainly disclosed in the face of the deed

or will creating it. Under this statute, and authoritative decisions construing the same, *Patterson v. McCormick,* 177 N. C., 448; *Kirkman v. Smith,* 175 N. C., 579, and others, some of the earlier cases discussing the general principles of interpretation to which we have adverted, have been changed or very much modified, but their application is unaffected where, as in this case, the devise does not come under the purport and meaning of the statute, and where, in any event, as we have endeavored to show, it clearly and plainly appears to be the intent of the testator on the face of the will that the estate of the first taker shall become absolute at his death. In *Rees v. Williams,* 165 N. C., 201; *S. c.,* 164 N. C., 128, cited for appellant, there were terms in the devise which served to bring that case within the effect and operation of the statute referred to, and there were also special terms in the will, much relied upon in the opinion, and which tended to show that the testatrix did not intend that the estate should become vested at her death. On the record, we are of opinion that the will in question has been correctly construed, and the judgment of the Superior Court is

Affirmed.