JENNY FLEETWOOD WESTFELDT ET AL. v. CHRISTINE REYNOLDS ET AL.

(Filed 27 May, 1926.)

**1. Wills—Bequests—Cumulative Bequests.**

Where a testator by will in different items or writings or codicil, bequeaths moneys in different amounts, they are to be construed as cumulative and not substitutional, unless a contrary intent is manifested.

**2. Wills—Interpretation—Devises—Revocations—Statutes.**

To effectuate the intent of the testatrix, each clause of her will will be presumed to have been intended to take effect under a reasonable interpretation, and where in one clause or part there is a gift to designated beneficiaries and later a general disposition to them of the whole of the testatrix's property, the property conveyed by the special devise will pass thereunder rather than under the universal disposition, and where the specific devise is of the fee of the lands, the beneficiary will take accordingly. C. S., 4162.

**3. Estates—Contingent Limitations—Vesting of Estates—Statutes.**

Where at the time of the execution of her will the testatrix has two nieces, the special objects of her bounty, J. and L., the latter an invalid, and gives them her property by will, one-half to each, both unmarried, and who survived the testatrix, J.'s half to "revert" to L. upon her death, and should L. die "without heirs" her part to "go over" to the children of P.: *Held*, the provision as to the time of the "reversion" of J.'s half of the property has reference to the death of J. in the testatrix's lifetime, and thereupon the property vests in them, one-half each, it appearing also as to L. that, under the terms of the will and existing circumstances, it was the testatrix's intent.

**4. Same.**

Where there is ambiguity in a will as to the vesting of an estate devised for life with contingent limitation over, shall be at the death of the testatrix or that of the first taker, under the principle that the law favors the early vesting of estates, the former will be taken; and where it clearly appears from the terms of the will and surrounding circumstances that this was the intent of the testatrix, it will not be affected by C. S., 1737, by which a contingent limitation depending upon the dying of a person without heir, etc., is to vest at the death of such person.

ADAMS and CONNOR, JJ., dissent.

APPEAL by defendants from *McElroy, J.,* at Chambers in Asheville, 12 April, 1926, from HENDERSON.

Civil action to construe the will of Jenny Westfeldt, deceased, submitted on an agreed statement of facts.

The will consists of three paper-writings, executed at different times, and contains the following material provisions:

"1. Rugby Grange, 22 December, 1914. If anything happens to me take care of Lulie and Jenny and let my portion of the Rugby Grange property go to them equal parts for each."

"2. Frankfort, Ky., 22 May, 1915, and 30 September, 1915. I leave to Lulie Westfeldt, daughter of Patrick Westfeldt, the half of my property and to Jenny Fleetwood Westfeldt the other half—to revert to Lulie Westfeldt in case of Jenny Fleetwood Westfeldt's decease—and should Lulie Westfeldt die without heirs the property to go over to Overton Westfeldt Price's children—I leave to Christine Price $1,000 and to Christine Reynolds $1,000."

(P. S.) "Dear Jenny F. carry out my wishes."

"3. January 25 (1916 or later). I want $3,000 paid to Christine Reynolds and $3,000 to my sister Christine W. Price. And if Hunt's gold mine is a success and takes good care of Jenny F. Westfeldt the rest of my property I leave to Lulie Westfeldt. If the gold mine proves not a success I leave my property as I wrote before."

Hunt's gold mine proved not a success.

The testatrix left sufficient property to pay all specific bequests or legacies, with considerable property remaining for distribution under the remaining provisions of her will.

Jenny Fleetwood Westfeldt and Lulie Westfeldt were favorite nieces of the testatrix; the former at the time of the execution of the will was 48 years of age and unmarried, the latter 20 years of age, unmarried and a sufferer of infantile paralysis. Both survived the testatrix.

His Honor held (1) that the specific bequests of $1,000 and $3,000 to Christine Reynolds and the specific bequests of $1,000 and $3,000 to Christine Price are cumulative, giving each $4,000; (2) that Jenny Fleetwood Westfeldt and Lulie Westfeldt each take a one-half undivided interest in fee in the Rugby Grange property under the first devise; and (3) that Jenny Fleetwood Westfeldt is the owner in fee of a one-half undivided interest in the remainder of the estate by virtue of the second devise; and that under the same devise Lulie Westfeldt takes a defeasible fee in the remaining one-half undivided interest in the estate, with limitation over to the children of Overton Westfeldt Price, should the said Lulie Westfeldt die without issue surviving her.

From the judgment entered in accordance with the above rulings, Lulie Westfeldt and the children of Overton Westfeldt Price appeal, assigning errors.

*Jones, Williams & Jones* for *plaintiffs*.
*Bourne, Parker & Jones* and *V. S. Starbuck* for *defendant, Lulie Westfeldt*.
*George H. Wright* for *defendants other than Lulie Westfeldt*.

STACY, C. J. The will now submitted for construction was before the Court on an issue of *devisavit vel non* at the Fall Term, 1924, and is set out in full in 188 N. C., 702, with a valuable opinion by *Associate Justice Clarkson*, upholding the validity of the several paper-writings as the last will and testament of Jenny Westfeldt, deceased.

The appeal presents four separate and distinct questions. They will be considered *seriatim*.

First, as to whether the specific bequests of $1,000 and $3,000 to Christine Reynolds and the specific bequests of $1,000 and $3,000 to Christine Price are substitutional or cumulative:

It is generally held that where two bequests of quantity, of different amounts, are given to the same person in the same instrument, or by different instruments, as by a will in the one case and a codicil in the other, they are to be considered as cumulative rather than substitutional, and the beneficiary is entitled to receive both (40 Cyc., 1560), though

this rule must give way to the controlling rule of interpretation, that the intent of the testator, or testatrix as the case may be, is to govern, provided it does not conflict with the settled rules of law. In fact, the discovery of the intention of the testator, as gathered from the four corners of the will, is the cardinal principle in the interpretation of testamentary instruments, to which all other rules must bend. *Witty v. Witty,* 184 N. C., 375.

It is the approved position, so far as examined, that where two bequests, as here, are given *simpliciter,* that is, as plain gifts without any reason or motive assigned therefor, to the same person, by different testamentary instruments, though forming parts of the same will, the bequests are to be considered as cumulative, especially if the amounts are unequal. 40 Cyc., 1561.

In deference to this established rule of construction and in the absence of any contrary testamentary intent appearing from the will or the circumstances of the case, we are constrained to believe that his Honor correctly held, in keeping with the authorities on the subject, that the specific bequests to Christine Reynolds and Christine Price are cumulative, rather than substitutional. *Stowe v. Ward,* 10 N. C., 604.

Second, as to whether Jenny Fleetwood Westfeldt and Lulie Westfeldt each take a one-half undivided interest in fee in the Rugby Grange property under the first devise:

It is the position of the defendants that the first devise, made at Rugby Grange, was revoked by the second and subsequent devise, executed at Frankfort, Ky. We do not assent to this interpretation. *In re Wolfe* 185 N. C., 563. A later will does not revoke an earlier one, without express words of revocation, unless the two are so inconsistent as to be incapable of standing together. *In re Venable,* 127 N. C., 344.

Here, the first devise is specific and has reference to a single piece of property, which is only a small part of what the testatrix owned. It may therefore stand as an exception to the general devise contained in the second paper-writing, thus giving effect to both provisions. It is the duty of the court to reconcile the various clauses of a will, if this can be done, as the maker is presumed to have intended that all should take effect. *Pilley v. Sullivan,* 182 N. C., 493; *Dalton v. Scales,* 37 N. C., 521; *Edens v. Williams,* 7 N. C., 27; Underhill on Wills, sec. 359. And where a general disposition of the whole of the testator's property is preceded by specific devise of only a small part, it is held that the former must be understood as impliedly subject to the latter, and the property conveyed by the special devise will pass thereunder rather than under the universal disposition. *Rice v. Saterwhite,* 21 N. C., 69; *Fraser v. Alexander,* 17 N. C., 348; *Dalton v. Scales, supra.*

It follows, therefore, that Jenny Fleetwood Westfeldt and Lulie West-feldt each take a one-half undivided interest in fee (C. S., 4162) in the Rugby Grange property under the first devise.

Third, as to whether Jenny Fleetwood Westfeldt takes a one-half undivided interest in fee in the remainder of the estate by virtue of the second devise:

We now come to the first real battleground of debate between the parties, but from the reasoning in all the decisions on the subject, the question would seem to be involved in no serious doubt as to its proper solution. Jenny Fleetwood Westfeldt survived the testatrix. The limitation that her interest under the second devise is "to revert to Lulie Westfeldt in case of Jenny Fleetwood Westfeldt's decease," has reference to the death of Jenny Fleetwood Westfeldt during the lifetime of the testatrix. This not having occurred, the devise to Jenny Fleetwood Westfeldt, under the second clause, became absolute upon her survival of the testatrix. *Goode v. Hearne,* 180 N. C., 475; *Bank v. Murray,* 175 N. C., 62.

It is the recognized rule of testamentary construction, here and elsewhere, that, in the absence of a contrary intention clearly expressed in the will, or to be derived from its context, read in the light of the surrounding circumstances, when a defeasible estate is created by devise, with no definite time fixed for the same to become absolute, and the alternative is either to adopt the time of the testator's death, or the death of the devisee, at which the estate may fairly be relieved of the contingency and become absolute, the time of the testator's death will ordinarily be adopted, unless prohibited by some statutory provision, as this makes for the early vesting of estates, which the law favors. *Goode v. Hearne, supra; Whitfield v. Douglas,* 175 N. C., 46; *Bell v. Keesler, ibid.,* 526; *Hilliard v. Kearney,* 45 N. C., 221. *Robertson v. Robertson,* 190 N. C., 558.

Jenny Fleetwood Westfeldt having outlived the testatrix, we are of opinion that his Honor correctly held that she takes a one-half undivided interest in fee in the remainder of the estate by virtue of the second devise.

Fourth, as to whether Lulie Westfeldt, under the second devise, takes a defeasible fee in the remaining one-half undivided interest in the estate, with limitation over to the children of Overton Westfeldt Price, should the said Lulie Westfeldt die without issue surviving her:

This brings us to the most serious question presented by the appeal.

What has already been said in regard to the interest arising to Jenny Fleetwood Westfeldt under the second devise, would seem to apply with equal force to the interest given to Lulie Westfeldt under the same

devise, unless the general rule of interpretation, as above stated, is affected by C. S., 1737, which provides: "Every contingent limitation in any deed or will, made to depend upon the dying of any person without heir or heirs of the body, or without issue or issues of the body, or without children, or offspring, or descendant, or other relative, shall. be held and interpreted a limitation to take effect when such person dies not having such heir, or issue, or child, or offspring, or descendant, or other relative (as the case may be) living at the time of his death, or born to him within ten lunar months thereafter, unless the intention of such limitation be otherwise, and expressly and plainly declared in the face of the deed or will creating it."

It may well be doubted as to whether the second devise to Lulie Westfeldt, and upon her dying without heirs, the property to go over to the Price children, is such a "limitation" as brings it under the operation of the statute (*Starnes v. Hill*, 112 N. C., 1), requiring that the words "die without heirs" shall be held and interpreted as referring to the death of Lulie Westfeldt without issue living at the time of her death. *Patterson v. McCormick*, 177 N. C., 448. But omitting for the moment any definite decision of this question, we think a contrary intent clearly appears on the face of the will.

In making the disposition now under consideration, the testatrix divided her property equally between Lulie Westfeldt and Jenny Fleetwood Westfeldt who were the primary objects of her bounty. As we have seen, she gave Jenny her share in fee. She provided that Jenny's half should go to Lulie in case Jenny should die before the will became effective, having in mind, we apprehend, that Jenny was much older than Lulie, and therefore more likely to predecease her, or at least it was more likely that she might not have issue, for the testatrix makes no corresponding alternative disposition in favor of Jenny. It clearly appears, by implication, we think, that the testatrix wanted Lulie's children, if any she had, to take their mother's share in case she also died during the lifetime of the testatrix. And only in the event of Jenny's death and Lulie's death without issue in the lifetime of the testatrix, was "the property" to go over to the Price children. It nowhere appears that the testatrix intended to give Lulie an estate in the property of less dignity than Jenny's. On the other hand, in several expressions, she apparently prefers Lulie to Jenny, this no doubt because of her affliction. In the third devise, she says: "If Hunt's gold mine is a success and takes good care of Jenny F. Westfeldt the rest of my property I leave to Lulie Westfeldt. If the gold mine proves not a success (and it did not), I leave my property as I wrote before." Here, it will be observed that upon a contingency which concerns only Jenny,

and not the Price children, the testatrix leaves to Lulie, not the half of her property, but the whole of it without qualification. It was her desire, as here expressed, to give the whole of her property to Lulie, to the exclusion of all others, if Jenny were provided for out of Hunt's gold mine. And if the gold did not prove a success, as she hoped it would, she then leaves her property "as she wrote before," showing clearly, we think, an intention to deal with Lulie no less generously than she had dealt with Jenny. The two were the primary objects of her bounty.

We perceive the devise to Lulie Westfeldt, under the second clause of the will, to be of a one-half undivided interest in the remainder of the estate in fee, intended to take effect at the death of the testatrix, and in the alternative: (1) To Lulie Westfeldt if living; (2) to her issue if any, if she be dead; (3) to the Price children if Lulie Westfeldt be dead without issue surviving. *Bowen v. Hackney,* 136 N. C., 187; *Watson v. Smith,* 110 N. C., 6.

It follows, therefore, as Lulie Westfeldt survived the testatrix, that she takes the remaining one-half undivided interest in the estate in fee simple under the second devise.

Our present position in no way conflicts with what was said in *Rees v. Williams,* 165 N. C., 201, strongly relied on by the Price children, for in that case there were terms in the devise which served to bring the case within the purview and operation of C. S., 1737, and there were also special terms in the will, much relied upon in the opinion, which went to show that the testatrix did not intend for the estate to vest at the time of her death.

Nor is the decision in *Patterson v. McCormick,* 177 N. C., 448, at variance with what is said above. Conversely, the interpretation placed upon the second devise in the will of Jenny Westfeldt, deceased, is supported, in tendency at least, by the following authorities: *Dupree v. Daughtridge,* 188 N. C., 193; *Goode v. Hearne,* 180 N. C., 475; *McDonald v. Howe,* 178 N. C., 257; *Bell v. Keesler,* 175 N. C., 525; *Bank v. Murray, ibid.,* 62; *Whitfield v. Douglas, ibid.,* 46; *Bank v. Johnson,* 168 N. C., 304; *Murchison v. Whitted,* 87 N. C., 465; *Burton v. Conigland,* 82 N. C., 100; *Davis v. Parker,* 69 N. C., 271.

The judgment will be modified in accordance with this opinion, and, as thus modified, it will be affirmed.

Modified and affirmed.

ADAMS and CONNOR, JJ., dissent.