JAMES WHITLEY ET AL. v. VARA McIVER ET AL.

(Filed 26 November, 1941.)

**Wills § 33c—Will held not to devise defeasible fees but to provide limitations by way of substitution if devisees did not survive testatrix.**

> The will in question devised the *locus in quo* in fee to four beneficiaries as tenants in common, but provided that "in case of the death of either of them leaving a child or children, I give and devise" the portion of the ancestor to his child or children, and further provided that "if either of them should die without child or children I give and devise" his or their share to the survivor or survivors. *Held:* The fact that the words "I give and devise" are repeated after each contingency discloses testatrix' intent that each successive limitation was to be in substitution of the one immediately preceding with a view of guarding against a failure by lapse, and not to create defeasible fees with contingent limitation over, and each of the four devisees who survives testatrix take a one-fourth interest in fee.

APPEAL by defendants from *Hamilton, Special Judge,* at October Term, 1941, of WAYNE.

Controversy without action submitted on agreed statement of facts.

The plaintiffs, being under contract to convey to the *feme* defendant their one-fourth undivided interest in four tracts of land situate in Wayne County, duly executed and tendered deed therefor sufficient in form to invest the *feme* defendant with a fee-simple title to the property, and demanded payment of the purchase price as agreed, but the defendant declined to accept the deed and refuses to carry out her agreement to buy or to make payment of the purchase price on the ground that the title offered is defective.

The court being of opinion that upon the facts agreed, the deed tendered was sufficient to convey a fee-simple title to the properties in question, gave judgment for the plaintiffs, accordant with the terms of the submission, from which the defendants appeal, assigning error.

*Paul B. Edmundson and Royall, Gosney & Smith for plaintiffs, appellees.*

*Fred P. Parker, Jr., for defendants, appellants.*

STACY, C. J.   On the hearing, the question in difference was made to turn on the construction of the following item in the will of Helen Murphy, late of Wayne County, this State:

"Fourth: I give and devise all of my real property, which shall include that which has not been divided, in fee simple to J. Bruce Pate, Georgia Taylor, Vara McIver, and James Whitley, in equal proportions thereof one-fourth each, but in case of the death of either of them leaving a child or children, I give and devise that portion thereof, its or their ancestor would have taken if living to it or them in fee simple; that if either of them should die without leaving a child or children I give and devise it or their portion or portions therein to the survivor or survivors or to the child or children of the survivor or survivors."

It is conceded that if James Whitley takes a fee simple to the one-fourth undivided interest in the lands thus devised to him, the deed tendered is sufficient, and the correct judgment has been entered, but the *feme* defendant questions the devise as vesting in James Whitley a fee-simple estate.

It will be observed that in the beginning of the devise, the testatrix uses words of inheritance. "I give and devise all my real property . . . in fee simple" to the four named beneficiaries "in equal proportions thereof of one-fourth each." This is the language of the law usually employed to denote a devise in fee simple. Had the will stopped here, there would be no question as to the estate devised. But the testatrix added a further limitation which has occasioned the present controversy.

This limitation, however, is by way of substitution, with a view to guarding against a failure by lapse, and is not after the similitude of a remainder or an executory devise. *McCullough v. Fenton,* 65 Pa., 418. The child or children, survivor or survivors, should they take at all, would take directly from the testatrix, by immediate purchase, and not by descent or as remaindermen. *Burden v. Lipsitz,* 166 N. C., 523, 82 S. E., 863. The words "I give and devise" are repeated after each contingency, and the portion given is what the original devisee "would have taken if living."

The intention of the testatrix was that a one-fourth undivided interest in the lands should go to James Whitley in fee simple if he survived the testatrix, and if not, it was to go to his child or children, if any, and if he left no child or children, it was to go to the survivor or survivors of the original devisee or their children. Upon the happening of the contingency stated, each succeeding limitation was to be in substitution of the one immediately preceding. *Early v. Tayloe,* 219 N. C., 363, 13 S. E. (2d), 609. The vesting in any event was to take effect and become absolute at the death of the testatrix. *Neubert v. Colwell,* 219 Pa., 248, 68 Atl., 673.

As James Whitley survived the testatrix, he takes the interest devised to him in fee simple.  *Westfeldt v. Reynolds,* 191 N. C., 802, 133 S. E., 168; *Goode v. Hearne,* 180 N. C., 475, 105 S. E., 5.

The result is an affirmance of the judgment below.

Affirmed.